JOHN S. MANNIX Administrator of J. H. HAUGHTON v. ROSS R. IHRIE and wife and others.

*Administrator — Sale of Land for Assets — Special Proceeding.*

1. Where in contemplation of marriage, A conveyed land to B, his intended wife, for life with remainder to her children by such marriage; and afterwards judgments were obtained against A; and thereafter A conveyed all his remaining interest in the land in trust to secure a debt; and afterwards A and B died without children and a petition was filed by the Administrator of A to sell the land for assets; *Held,* that the Administrator should make the sale and pay the purchase money into Court, to be distributed under the order of the Court.

2. Under Bat. Rev. ch. 45, § 71, every interest in real estate, whether legal or equitable, is subject to sale by an Administrator for assets.

3. Only such equitable interests in land as are authorized by the Act of 1812, can be sold under execution.

This was a SPECIAL PROCEEDING had before the Clerk of the Superior Court of CRAVEN County the object of which was to obtain an order to sell real estate for assets.

The Clerk granted the prayer of the plaintiff and made an order of sale from which the defendant Craycroft appealed and the case was heard on the 16th of December, 1876, at Chambers, before *Seymour, J.*

The question submitted to His Honor was one of law arising on the pleadings and especially the answer and exhibits of Craycroft; whether there was any estate in John H. Haughton at the time of his death which can be sold by his administrator for payment of debts, and if so, what estate?

The material parts of the deeds which are incorporated in the answer of defendant Craycroft are stated in the opinion of this Court.

His Honor approved and confirmed the judgment of the Clerk and ordered the Administrator to sell the land described in the petition. Defendant appealed.

*Messrs. Green & Stevenson,* for the plaintiff.
*Messrs. Smith & Strong* for the defendants.

FAIRCLOTH, J.   By an ante-nuptial agreement dated August 12th, 1868, the plaintiff's intestate conveyed a house and lot in Craven County to his intended wife, "during her natural life, remainder to any child or children of said intended marriage." The wife died on the 26th of May, 1876, without any child or children, and the husband died on the 30th of May, 1876, leaving children by a former marriage.

After the marriage several judgments against plaintiff's intestate were docketed in said County, before the 24th of December, 1874, when by deed he conveyed all his remaining interest in said property to B. B. Craycroft, in trust, as collateral security for the payment of a judgment rendered against him in November, 1874, in favor of B. B. Craycroft & Co.

The defendants insist that plaintiff's intestate at the time of his death had no such interest in said house and lot as the plaintiff can sell for assets, and that during his wife's life estate he had a vested remainder which passed to Craycroft and became absolute and indefeasible at her death, independently of said judgments.

The real estate which an Administrator may sell includes "all the deceased may have conveyed with intent to defraud his creditors and all rights of entry and rights of action, and all other rights and interests in lands, tenements and hereditaments which he may devise, or by law would descend to his heirs. Bat. Rev. ch. 45, § 71. This certainly includes every interest, legal or equitable, and is not limited to such an equitable interest as can be sold under an execution. Before the C. C. P. *only* such an equitable interest could be sold under an execution as was authorized by the Act of 1812—such as an equity of redemption or an interest resulting from a pure, unmixed trust—and the judgment cred-

MANNIX v. IHRIE

itor could acquire a lien on any other equitable interest by filing a bill to subject it to his debt, but could not do so by issuing an execution.

Since the C. C. P, § 254, a docketed judgment becomes a lien on the whole interest, legal and equitable ; but the judgment creditor cannot levy upon and sell the equitable interest except such as are authorized by the Act of 1812, as above explained.    And therefore after the death of the debtor it is the duty of the Administrator by proper proceedings to sell such property or as much as may be necessary to pay the debts, and in this case it is admitted that the personal estate is insufficient to pay the debts and expenses of administration.   Of course this lien may be waived or lost by unreasonable delay as other rights may be; and to allow a sale of these contingent interests under an execution would tend to encourage speculation and sacrifice of property.

The estate or interest of plaintiff's intestate during the life time of his wife was contingent, and liable to be defeated altogether in the event of a child or children by said marriage, and of course such an event would have defeated his conveyance to Craycroft ; which conveyance could be held to pass an absolute estate only by way of estoppel after the death of the wife.

The resulting interest from the trust to Craycroft is also an interest which can be made available for creditors only by the administrator's sale.   When the administrator has sold and collected the money, creditors, purchasers and others interested may assert their rights and he will pay out the money under the direction of the Court to those entitled to it.   We do not undertake now to settle these questions as the ascertainment of other facts may become material before doing so.

There is no error.   Let this be certified.

PER CURIAM.                                Judgment affirmed.