JOHN P. LEE v. M. H. EURE and others.

*Executors and Administrators—Sale of Land—Jurisdiction.*

1. A proceeding under section 319 of the code, instituted against the heirs, personal representatives, etc., of a deceased judgment debtor, more than three years after his death for the purpose of subjecting certain lands to the payment of the judgment debt, resembles an ordinary action and should be made returnable to a term of the superior court, and not before the clerk.

2. An order made by the clerk granting leave to issue execution upon such judgment, is a nullity, and no title is conveyed to the purchaser by a sale under such execution.

(*Murchison* v. *Williams,* 71 N. C., 135; *Lyerly* v. *Wheeler,* 11 Ired., 288; *Jennings* v. *Stafford,* 1 Ired., 404, cited and approved.)

CIVIL ACTION for the possession of Land, tried at Fall Term, 1879, of GATES Superior Court, before *Gudger, J.* Judgment for defendant, appeal by plaintiff.

*Messrs. Gilliam & Gatling* and *Pruden & Shaw,* for plaintiff. *Messrs. J. P. Whedbee* and *W. A. Moore,* for defendant.

SMITH, C. J.   The land in controversy belonged to one W. H. Lee, who by his deed of September 12, 1867, conveyed to the defendant M. H. Eure.   At fall term, 1867, of Gates superior court of law, Riddick Gatling, as guardian, recovered judgment against said W. H. Lee, on which execution issued in October of that year, and was levied on the land.   The judgment on the reorganization of the courts, was transferred to the docket of the superior court.   In September, 1868, W. H. Lee was adjudicated a bankrupt, and in January, 1869, obtained his certificate of discharge. He died in 1870, intestate.   In 1877, the assignee of the judgment, upon notice to the administrator and heirs at law of the intestate, but not to the defendant, on motion before the clerk, was granted leave to issue a writ of *venditioni exponas,* under which the land was sold by the sheriff and bought by the plaintiff, and a deed therefor executed to him.

Upon these facts admitted by the parties, and upon an assumption, for the purposes of the trial, of the fraudulent character of the defendant's deed, the court held that the plaintiff's action for the recovery of the land could not be maintained, and gave judgment for the defendant.

The discharge in bankruptcy is a personal defence, to be set up by the debtor or his personal representative, and if, when opportunity is offered, it is not brought forward, the case stands as if it had not been granted.   In like manner every other valid objection to the issuing of execution must be presented, or it is deemed to be waived.   This defence

may therefore be put out of view in considering the case. The only question then is this :

Is the proceeding under which the plaintiff derives title regular and sufficient in law ?

In *Murchison* v *Williams*, 71 N. C., 135, it is declared that "when a debtor dies against whom there is a judgment docketed" (and the lien of a levy under a *fieri facias* must follow the rule) "his land descends to his heirs or vests in ·his devisees, and his personal property vests in his administrator or executor, just as if there was no judgment against him, and the whole estate is to be administered just as if there were no judgment, that is to say, the personal property must be sold if necessary, and all the personal assets collected, and out of these personal assets, all the debts must be paid, if there be enough to pay all, as well docketed judgments as others." The reason for this mode of administration is that, although a lien on land exists, the judgment should be paid out of the personal estate, if any, in exoneration of the land for the benefit of the heir or devisee. Bat. Rev., ch. 45, § 40.

Conceding this, the appellant's counsel insists, on the intimation in the opinion in *Murchison* v. *Williams, supra,* that after an inaction of three years, the plaintiff may pursue the remedy and enforce his lien as provided in C. C. P., ch. 2, § 319, *et seq.* Section 319 is as follows: In case of the death of the judgment debtor after the judgment, the heirs, devisees or legatees of the judgment debtor, or the tenants of real property, owned by him and affected by the judgments may, after the expiration of three years from the time of granting letters testamentary or of administration upon the estate of the testator or intestate, be summoned to show cause why the judgment should not be enforced against the estate of the judgment debtor in their hands respectively; and the personal representatives of a deceased judgment debtor may be so summoned at any time within one year

after their appointment. The personal representatives of a deceased judgment debtor, if there be any, shall always be parties to any summons against his heirs, devisees, legatees, or tenants, to enforce the judgment.

The subsequent sections require the summons to be accompanied by an affidavit that the judgment has not been satisfied, and specifying the amount due, authorizes an answer, demurrer or replication, the preparation and trial of issues, as in an original action, and with the same rules as to verification of the pleadings. Except that no complaint is necessary, the affidavit being substituted for it, the proceedings are assimilated to an original suit as prescribed in the code.

But the act of January 25, 1871, suspending the operation of the code of civil procedure in certain cases, makes important modifications in the mode of bringing and prosecuting actions, applicable to this, as to an original proceeding. It requires process to run in the name of the state, under the seal of the court, and to make it returnable and returned to the next ensuing term, thus withdrawing the action from the clerk and giving exclusive cognizance to the judge, except in the cases committed to his jurisdiction as judge of the court of probate. Bat. Rev., ch. 18.

The act would have expired by limitation on the 1st day of January, 1873, but that it was continued in force until otherwise provided by law, by the act of 1872–'73, ch. 14.

The plaintiff can derive no support to his title under the proceeding authorized against a debtor, when the judgment becomes dormant by section 256 of the code. The judgment rendered by the clerk is a nullity, and inasmuch as the plaintiff is the purchaser at a sale under his own execution and must show both a judgment and execution, he must fail in his action. *Lyerly* v. *Wheeler*, 11 Ired., 288; *Jennings* v. *Stafford*, 1 Ired., 404.

There is no error and the judgment is affirmed.

No error. Affirmed.