IDA T. TUCK v. JESSE D. WALKER.

*Judgment Creditor—Sale of Land for Assets—Personal Property — Administrators — Demurrer — The Code — Fraud of Creditors.*

1. A judgment was obtained and docketed in 1878 against one W., who afterwards purchased a tract of land, and, being at the time indebted beyond his ability to pay, executed a deed to one C. The assignee. for value of the judgment brought action to declare void the conveyance, and to have the land sold in discharge thereof. The defendant demurred that only the administrator of W. could maintain an action to sell W.'s land: *Held*, that the demurrer must be sustained.

2. *The Code*, §1446, provides explicitly for sale of lands for assets which have been conveyed in fraud of creditors.

3. The administrator, and not the judgment creditor, is the proper person to sell lands to pay judgment debts, for it is the duty of the administrator to exhaust the personal property for this purpose before the real estate can be reached.

This was a CIVIL ACTION, tried at February Term, 1889, of the Superior Court of PERSON County, before *Bynum, J.*

There was an appeal from an order overruling a demurrer. The complaint, demurrer and judgment are as follows:

The plaintiff alleges—

1. That on the 31st of December, 1878, W. A. Lemlie obtained and had docketed in the Superior Court of Person County a judgment against N. N. Tuck and W. H. Winstead for $3,206.66, and the plaintiff Ida T. Tuck became the assignee thereof for value, which said judgment is due and unpaid. W. H. Winstead died on the __ day of ____, and _____ was appointed his administrator.

2. That on the 8th day of July, 1879, the said W. H. Winstead purchased of Jesse Chambers, Commissioner of the Probate Court of Person County, a certain lot of land in the town of Roxboro, in said county, as will appear from the deed, which is duly recorded on page 363, book Y, of the records in the office of the Register of Deeds for said county.

3. That on the 23d September, 1879, the said W. H. Winstead conveyed said lot of land to the said Jesse Chambers, the deed to which is recorded on page 368, book Y, in office of Register of Deeds.

4. That on the 18th July, 1881, the said Jesse Chambers conveyed, by deed, said land to John G. Chambers, which deed is recorded on page 361 in book Z, in office of said Register of Deeds.

5. That on the 8th day of May, 1882, the said John G. Chambers conveyed said land to John.R. Chambers by deed, which is recorded on page 258 of book Z, in office of Register of Deeds.

6. That on July 1st, 1886, the said John R. Chambers conveyed an undivided half interest in said land to J. I. Brooks, which is recorded in book C C in the office of Register of Deeds.

7. That on January 4th, 1886, said John R. Chambers and J. I. Brooks conveyed said land to the defendant Jesse D. Walker, by deed, which is recorded on page 500, book C C, in office of said Register of Deeds.

8. That said Jesse Chambers, and all parties claiming said land under him, had due notice of the docketing of said judgment as aforesaid.

9. That said W H. Winstead, at the time of the docketing and conveying said land as aforesaid, was indebted in an amount exceeding his ability to pay, and the attempted transfer to said Jesse D. Chambers, and those claiming under him, was in fraud of the rights of this plaintiff and those under whom she claims.

Wherefore, plaintiff demands judgment: (1) that said transfer of land to Jesse D. Chambers be declared null and void, and the deeds be delivered up to be cancelled; (2) that some discreet person be appointed commissioner of this Court to sell said lands and apply the proceeds to the payment of the judgment aforesaid; and (3) for the costs of this action, to be taxed by the Clerk.

### DEMURRER.

In this action, the defendant, having obtained leave to withdraw his answer, now demurs to the complaint filed, on the ground that only the administrator of W. H. Winstead could maintain an action to sell the lands of W. H. Winstead, and if the judgment of said plaintiff be a lien thereon, the same can be enforced in the application of the proceeds of said sale, and that the plaintiff has no right, as a creditor of said estate, to maintain this action.

JUDGMENT.

This cause coming on to be heard by demurrer, filed by defendant, after hearing argument on same in behalf of each party, upon motion of J. S. Merritt and Graham & Winston, attorneys for plaintiff, it is ordered that the demurrer be overruled, and it is further ordered that defendant have leave to file an answer herein.

*Messrs. A. W. Graham* and *R. W. Winston,* for plaintiff.
*Mr. J. W. Graham,* for defendant.

AVERY, J.—after stating the facts: When it becomes necessary to sell the real estate of a decedent to make assets, *The Code,* § 1446 provides, in explicit terms, that the Court may decree a sale of "all real estate that deceased may have conveyed with intent to defraud his creditors, and all rights of entry and rights of action, and all other rights and interests in lands, tenements or hereditaments, which he might devise, or by law would descend to his heirs," and the language has been so construed by this Court. *Mannix* v. *Ihrie,* 76 N. C., 299; *Heck* v. *Williams,* 79 N. C., 437.

It is well settled that, though there may be unsatisfied judgments constituting a lien upon the land of a debtor, when he dies the judgment creditor is not allowed to sell it under execution, but the administration of the whole estate is placed in the hands of the personal representative, who is required first to apply the personal assets in payment of the debts, and if they prove insufficient, then the statute prescribes how the land may be subjected and sold so as to avoid a needless sacrifice by selling any of it for cash, or a greater quantity at all than is required to discharge the indebtedness. *The Code,* §§ 1436 to 1446; *Sawyers* v. *Sawyers,* 93 N. C., 325; *Mauney* v. *Holmes,* 87 N. C., 428; *Lee* v. *Eure,* 82 N. C., 428; *Williams* v. *Weaver,* 94 N. C., 134.

We conclude, therefore, that this action cannot be maintained except by the personal representative of W. H. Winstead, or by making him a party, if he refuse to discharge the debt out of the personal assets, or to institute a proceeding to have the land sold to satisfy it. *Wilson* v. *Pearson,* 102 N. C, 290.

There is error. Judgment reversed.