D. A. HELSABECK v. S. G. DOUB, ADMINISTRATOR.

(Filed 5 November, 1914.)

1. Evidence—Deceased—Transactions and Communications—Husband and Wife—Interpretation of Statutes.

In an action against an administrator to recover the value of services the plaintiff alleges he has rendered the deceased, the wife of the plaintiff has no "direct, legal, or pecuniary interest in the event" which would bar her testimony as to a transaction with the deceased, under Revisal, sec. 1631, and it is competent for her to testify to the contract relied upon by her husband, the plaintiff. *Linebarger v. Linebarger*, 143 N. C., 231, cited and distinguished.

2. Limitations of Actions—Services Rendered—Payment at Death.

Where the parties have agreed that A. should receive compensation for services rendered B. at the death of B., the statute of limitations does not begin to run until the death of B.

APPEAL by defendant from *Devin, J.*, at March Term, 1914, of FOR-SYTH.

This is an action to recover the value of certain services rendered by the plaintiff to the intestate of the defendant. During the progress of the trial the wife of the plaintiff was permitted to testify, over the objection of the defendant, that the defendant's intestate agreed with the plaintiff to pay for the services, and that payment was not to be made until after death. The defendant excepted.

The defendant requested his Honor to charge the jury that the plaintiff could not recover for services rendered more than three years before the commencement of the action. This was refused, and the defendant excepted.

The defendant pleaded the three years statute of limitations. There was a verdict and judgment for the plaintiff, and the defendant excepted and appealed.

*Watson, Buxton & Watson for plaintiff.*
*Jones & Clement and Lindsay Patterson for defendant.*

ALLEN, J. The evidence of the wife as to the contract between the plaintiff and the intestate of the defendant was objected to under section 1631 of the Revisal, upon the ground that, while not a party to the action, she was interested in the result.

The language of the statute is, "interested in the event," and this is held in *Jones v. Emory*, 115 N. C., 163, and in *Sutton v. Walters*, 118 N. C., 495, to mean a "direct, legal, or pecuniary interest." In this sense the wife had no interest, as upon a recovery by the plaintiff no right growing out of the married relationship would attach to the money recovered.

In the case of *Bradshaw v. Brooks,* 71 N. C., 322, the plaintiff brought an action to recover the amount of a certain bond which the defendant had collected and had not paid to the testator, his father-in-law, and the defendant's wife, the daughter of the testator, was held to be a competent witness to prove that her husband, the defendant, offered to pay her father the money, but was told by him to keep it, as he intended it as an advancement to himself and the witness; and this was approved in *Paul v. Holleman,* 136 N. C., 34.

The case of *Linebarger v. Linebarger,* 143 N. C., 231, is not in point, because the property in controversy was land, and the wife's inchoate right to dower attached immediately upon the recovery by her husband.

We are, therefore, of opinion that the wife was a competent witness, and that her evidence was properly received.

The exception to the refusal to charge the jury that there could be no recovery for services rendered three years prior to the commencement of the action is fully met by the cases of *Miller v. Lash,* 85 N. C., 54, and *Freeman v. Brown,* 151 N. C., 115, holding that where services are rendered upon an agreement that compensation is to be made at death, that the amount does not become due until death, and that the statute of limitations does not begin until that time.

We find

No error.