### IN RE PETITION OF T. H. EDWARDS.

(Filed 23 May, 1934.)

**Highways A b—Question of discontinuance of neighborhood public road must be presented by special proceeding before the clerk.**

> The question of the discontinuance of a road which is not taken over by the State as a part of the county road system, Public Laws of 1931, chap. 145, and which is not a cartway, church road, or mill road, but is a neighborhood public road within the meaning of Public Laws of 1933, chap. 302, must be determined by a special proceeding instituted before the clerk, and where the question has been presented by petition to the board of county commissioners the judgment of the Superior Court on appeal dismissing the petition is correct, but that part of the judgment providing that the road shall remain open is erroneous and will be stricken out on further appeal to the Supreme Court.

CLARKSON, J., concurring in result.

APPEAL by petitioner from *Schenck, J.,* at August Term, 1933, of YANCEY. Modified and affirmed.

*R. W. Wilson for appellant.*
*Watson & Fouts for appellee.*

ADAMS, J. T. H. Edwards filed a petition with the board of commissioners of Yancey County requesting that part of an old public road on his land be closed. Several citizens certified that the road was not needed or used by the public. The commissioners made an order that the road be abandoned. An adjoining landowner appealed to the Superior

Court and Judge Schenck found certain facts, dismissed the proceeding, and ordered that the road remain open for public use. The petitioner appealed.

In 1931 the General Assembly enacted additional legislation relating to the highway system and to the maintenance of the public roads of the State. Pub. Laws 1931, ch. 145. It was provided in section 7 of this act that after 1 July, 1931, the exclusive control, management, and responsibility for all public roads in the several counties should be vested in the State Highway Commission and that the place of county, district, and township road commissioners should be abolished. All roads composing the several county road systems were to be mapped on or before the first day of May, 1931, and at the courthouse door in each county a map was to be posted showing all roads making up the county road system. All these roads to which no objection was made were to constitute the county road system for the respective counties. The State Highway Commission was authorized to change the maps at any time before they were posted so as to include any roads that did not appear on the printed maps. Only those appearing on the maps were to be taken over by the Highway Commission. Section 11. The petition referred to in section 14 is applicable only to a road in the county road system.

Article 13, chapter 70, of the Consolidated Statutes deals with cartways, church roads, mill roads, and like easements. This article was amended by chapter 448, Public Laws 1931, by which it is provided that the establishment, alteration, or discontinuance of any of these easements shall be determined by a special proceeding instituted before the clerk of the Superior Court of the county in which the property affected is situated. By chapter 302, Public Laws 1933, this act (ch. 448), was amended by the insertion of section 3838½, which is as follows: "That all those portions of the public road system of the State which have not been taken over and placed under maintenance or which have been abandoned by the State Highway Commission, but which remain open and in general use by the public, and all those roads that have been laid out, constructed, or reconstructed with unemployment relief funds under the supervision of the Department of Public Welfare, are hereby declared to be neighborhood public roads, and they shall be subject to all of the provisions of this act with respect to the alteration, extension, or discontinuance thereof, and any interested citizen is authorized to institute such proceeding."

The road described in the petition is not on the map posted in Yancey and is not included in the "county road system" taken over by the State Highway Commission; nor is it a cartway, church road, or mill road. It is a neighborhood road within the meaning of the quoted act, and the question of its discontinuance must be determined by a special proceeding instituted before the clerk.

As the board of county commissioners had no jurisdiction the judgment dismissing the petition is affirmed, but the clause providing that the road shall remain open should be stricken out.*

Modified and affirmed.

CLARKSON, J. Concurring in result: W. C. Edwards claims a vested right and easement on the highway in controversy. This private easement or vested right that he contends he owns over this highway, he has a right to have kept open for his private use under his vested right and easement. As said in *Davis v. Alexander*, 202 N. C., 130 (131-2), citing numerous authorities: "The law applicable to this action is well stated in 2 Elliott, Roads and Streets (4th Ed.), part sec. 1172, at p. 1668: 'Once a highway always a highway,' is an old maxim of the common law to which we have often referred, and so far as concerns the rights of abutters, or others occupying a similar position, who have lawfully and in good faith invested money or obtained property interests in the just expectation of the continued existence of the highway, the maxim still holds good. Not even the legislature can take away such rights without compensation. Such, at least, is the rule which seems to us to be supported by the better reason and the weight of authority, although there is much apparent conflict as to the doctrine when applied to the vacation of highways."

In the main opinion, it is said: "But the clause providing that the road shall remain open, shall be stricken out." This refers to the road being a public highway. W. C. Edwards would have a vested right or easement in the road as a private highway.

---

*This opinion was written in accordance with the Court's decision and adopted and filed, by order of the Court, after *Justice Adams'* death. 23 May, 1934. *Brogden, J.*