L. GRADY AND J. W. OUTLAW, SR., ON BEHALF OF THEMSELVES AND ALL OTHER INTERESTED PERSONS WHO MAY COME IN AND MAKE THEMSELVES PARTIES, v. HENRY F. GRADY.

(Filed 18 March, 1936.)

**Highways E a—**

Persons living along a highway which had been taken over by the State Highway Commission, and subsequently abandoned by it, are "interested citizens" within the meaning of ch. 302, Public Laws of 1933, and may maintain a proceeding to have the road established as a "neighborhood public road."

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Devin, J.,* at October Term, 1935, of WAYNE. Affirmed.

This is a special proceeding, begun before the clerk of the Superior Court of Wayne County on 1 March, 1935, and heard at October Term, 1935, of said court, on defendant's appeal from an order of said clerk overruling a demurrer to the petition filed by the defendant.

From judgment affirming the order of the clerk, and remanding the proceeding for further proceedings according to law, the defendant appealed to the Supreme Court.

*Dickinson & Bland for petitioners.*
*J. Faison Thomson for defendant.*

PER CURIAM. On the facts alleged in the petition in this proceeding, the road leading from the town of Mount Olive to Outlaw's School, in Wayne County, is a "neighborhood public road," as defined by statute, chapter 302, Public Laws of North Carolina, 1933.

The petitioners are residents of Wayne County, living on said road, and are therefore "interested citizens," within the meaning of the statute. They are therefore entitled to maintain this proceeding.

The purpose of the proceeding is to have the old Mount Olive Road, in Wayne County, which was taken over by the State Highway Commission, under the provisions of chapter 145, Public Laws of North Carolina, 1931, and subsequently abandoned for purposes of maintenance by said Commission under the provisions of chapter 448, Public Laws of North Carolina, 1931, as amended by chapter 302, Public Laws of North Carolina, 1933, established by the clerk of the Superior Court of Wayne County, as a "neighborhood public road," as provided by statute.

The judgment affirming the order of the clerk overruling the demurrer to the petition is affirmed. See *In re Petition of Edwards,* 206 N. C., 549, 174 S. E., 505, and *Davis v. Alexander,* 202 N. C., 130, 162 S. E., 372.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.