C. A. FLYNN AND PHILLIPS FERTILIZER COMPANY v. WILLIAM RUMLEY, SHERIFF OF BEAUFORT COUNTY.

(Filed 22 September, 1937.)

1. **Executors and Administrators § 20—Execution may not issue after death of judgment debtor.**

After the docketing of the judgment the judgment debtor conveyed the property. After the death of the judgment debtor, execution was issued, and the judgment creditor instituted this action to compel the sheriff to sell the land under the execution, the judgment debtor having left no estate, real or personal, and therefore no administrator having been appointed. *Held:* The execution issued after the death of the judgment debtor was not warranted by law, and a sale thereunder would be void. C. S., 74-77.

**2. Judgments § 39—**

Where the judgment debtor conveys realty after the docketing of the judgment and thereafter dies without assets, real or personal, requiring the appointment of an administrator, the judgment creditor may maintain an action in the Superior Court against the grantee of the judgment debtor to foreclose his statutory lien.

APPEAL by plaintiffs from *Williams, J.,* at May Term, 1937, of BEAUFORT. Affirmed.

This is an action for a writ of *mandamus* commanding the defendant, sheriff of Beaufort County, to levy on and sell, under an execution now in his hands, which was issued to him by the clerk of the Superior Court of Beaufort County on a judgment which is duly docketed in his office, a tract of land situate in Beaufort County, which was owned by the judgment debtor in fee simple at the date of the docketing of the judgment.

The facts alleged in the complaint and admitted in the answer are as follows:

1. The plaintiff C. A. Flynn is now the owner of a judgment which was rendered by the Superior Court of Beaufort County, at its May Term, 1928, in favor of his coplaintiff, Phillips Fertilizer Company, and against W. T. Latham for the sum of $289.87, with interest and costs. The said judgment was duly docketed in the office of the Superior Court of Beaufort County on 28 May, 1928. At the date of the docketing of said judgment, the judgment debtor, W. T. Latham, was seized in fee and was in possession of a tract of land situate in Beaufort County, containing 79 acres, more or less, and known as his Home Place. An execution issued on said judgment during the year 1929 was returned unsatisfied. No homestead was allotted to the judgment debtor in said tract of land.

2. After the docketing of said judgment, to wit: On 17 March, 1934, the judgment debtor, W. T. Latham, sold and conveyed the said tract of land to his sons, Bryan Latham and Brownley Latham, by deed which is duly recorded in the office of the register of deeds of Beaufort County, in Book No. 298, at page 631, reserving to himself, in said deed, an estate in said tract of land for his life.

3. W. T. Latham, the judgment debtor, died intestate in Beaufort County, on 25 January, 1937. At his death he owned no property, real or personal. No administrator of W. T. Latham, deceased, has been appointed for the reason that he had no estate at his death.

4. On 20 April, 1937, the plaintiffs in this action caused an execution to be issued by the clerk of the Superior Court of Beaufort County on said judgment to the defendant sheriff of said county, and paid or tendered to him his fees for serving said execution.

5. Plaintiffs have requested the defendant to levy on and sell under said execution the tract of land in Beaufort County, which was owned by the judgment debtor at the date of the docketing of said judgment, and which he subsequently conveyed prior to his death.

Defendant, being advised that he has no right or authority to levy on and sell said tract of land under said execution for the reason that the judgment debtor had died prior to the issuance of said execution, declined and still declines to levy on and sell said tract of land under said execution.

On these facts the court was of opinion that the plaintiffs are not entitled to judgment commanding the defendant to levy on and sell the tract of land described in the complaint, under the execution in his hands, and accordingly adjudged that the action be and the same was dismissed.

The plaintiffs excepted to the judgment and appealed to the Supreme Court.

*McLean & Rodman for plaintiffs.*
*Grimes & Grimes for defendant.*

CONNOR, J.   The judgment in this action is affirmed on the authority of *Tuck v. Walker,* 106 N. C., 285, 11 S. E., 183.   In the opinion in that case it is said:

"It is well settled that though there may be unsatisfied judgments constituting liens upon the land of the debtor, when he dies the judgment creditor is not allowed to sell it under execution, but the administration of the whole estate is placed in the hands of the personal representative, who is required first to apply the personal assets in payment of the debts, and if they prove insufficient, then the statute prescribes how the lands may be subjected and sold, so as to avoid a needless sacrifice by selling for cash, or a greater quantity at all than is required to discharge the indebtedness.   The Code, secs. 1436-1446 (now C. S., 74-77); *Sawyers v. Sawyers,* 93 N. C., 325; *Mauney v. Holmes,* 87 N. C., 428; *Lee v. Eure,* 82 N. C., 428; *Williams v. Weaver,* 94 N. C., 134."

The plaintiffs contend that this principle is not applicable to the facts in the instant case, because the judgment debtor having conveyed the land after the docketing of the judgment, and prior to his death, left no estate, real or personal, to be administered.   This contention cannot be sustained.   The execution, having been issued after the death of the judgment debtor, was not warranted by law.   A sale of the land made under the execution would be void.   See *Sawyers v. Sawyers, supra.*

It would seem that where, as in the instant case, a judgment debtor has died since the docketing of the judgment, and had no estate, real or

personal, at his death requiring the appointment of an administrator, and after the docketing of the judgment, the judgment debtor conveyed, by a good and sufficient deed, land owned by him at the date of the docketing of the judgment, the judgment creditor can maintain an action in the Superior Court of the county in which the land is situate, against the grantee of the judgment debtor, to foreclose his statutory lien. Only the judgment creditor and the grantee of the judgment debtor would be necessary parties to such action.

The judgment in this action is

Affirmed.