EDWARD PRICE v. ALMA F. ASKINS, ADMINISTRATRIX OF THE ESTATE OF H. N. ASKINS; FLORENCE NEAL AND HUSBAND; H. N. ASKINS, JR., AND WIFE (ORIGINAL PARTIES DEFENDANTS); AND ALMA F. ASKINS, INDIVIDUALLY, AND H. K. HELMS, ADMINISTRATOR OF THE ESTATE OF H. N. ASKINS (ADDITIONAL PARTIES DEFENDANTS).

(Filed 15 December, 1937.)

**1. Evidence § 32—**

A wife may testify as to a communication between her husband and a decedent in the husband's action against the decedent's estate for a money recovery, the wife not being an interested party within the meaning of C. S., 1795.

**2. Frauds, Statute of, § 21—**

While the statute of frauds is a defense and must be pleaded, a general denial of the allegations of the complaint setting up a contract unenforceable under the statute is a sufficient pleading of the statute.

**3. Frauds, Statute of, § 9: Wills § 4—**

An oral contract to devise realty in consideration of services rendered is void under the statute of frauds.

**4. Evidence § 32—Where oral contract to devise is denied, wife may testify as to transactions with decedent upon action for quantum meruit.**

Where, in an action on an oral contract to devise realty in consideration of services rendered, and to recover for such services upon *quantum*

*meruit*, defendants enter a general denial of the allegations of the complaint, such denial is a sufficient pleading of the statute of frauds, which renders the contract void and eliminates from the case the action on the contract and any inchoate interest the wife might have in the recovery of the realty, leaving the action solely for the recovery of money upon *quantum meruit*, in which action the wife is competent to testify as to a communication between her husband and the decedent tending to show the services were requested.

5. **Trial § 37: Wills § 5—**

The issues submitted in this action to recover for services rendered decedent upon *quantum meruit are held* sufficient to present all phases of the controversy, and defendants' objection thereto is untenable.

6. **Wills § 5—Where contract to devise is void under statute of frauds, party performing services may recover upon quantum meruit.**

In an action to recover for breach of an oral contract to convey in consideration of services rendered, and to recover upon *quantum meruit* for such services, defendants may not defeat recovery by pleading the statute of frauds, but plaintiff is entitled to recover for the value of such services requested and rendered, the cause surviving against the personal representative, C. S., 159, and evidence of the contract, performance by plaintiff, and breach by intestate is sufficient to take the case to the jury.

7. **Executors and Administrators § 20—Attachment and appearance of heirs cannot give judgment against estate for services rendered priority.**

This action against an estate to recover the value of services rendered deceased upon his request was instituted by attachment against the lands of the estate in this State, the decedent having died in another State and an administrator having been there appointed. Thereafter, the ancillary administrator in this State and the heirs at law were made parties and entered appearance. *Held:* Judgment in plaintiff's favor rendered in the action does not have priority by reason of the appearance of the heirs or the attachment, C. S., 102, 62, since the estate alone is liable for the judgment, and the judgment merely establishes plaintiff's claim and his right to participate in the distribution of the assets of the estate in accordance with priorities fixed by statute, C. S., 93.

8. **Descent and Distribution § 13—Heirs have no personal liability for debts of the estate.**

Heirs have no personal liability for debts of the estate, but take the realty subject only to the right of the personal representative to sell same if necessary to pay debts of the estate, C. S., 59, 60, and heirs, by making personal appearance in an action against the estate for the recovery of money, in which attachment is issued against the lands of the estate, are not estopped to deny plaintiff's contention that the attachment gives priority to his judgment.

APPEAL by defendants from *Armstrong, J.,* at August Term, 1937, of UNION.

Action to recover upon alleged contract for personal services.

These facts appear to be admitted: H. N. Askins, Sr., resident of Chesterfield County, South Carolina, died intestate in June, 1936, leaving Alma F. Askins, his widow, and two children, Florence Neal

and H. N. Askins, Jr., as his only heirs at law. Alma F. Askins quali-
fied as administratrix of the estate of said intestate on 9 July, 1936,
in said county and State. The intestate died seized of several tracts
of land in Union County, North Carolina. H. K. Helms was appointed
and qualified as ancillary administrator on 19 December, 1936, in Su-
perior Court of Union County, North Carolina.

Plaintiff instituted this action on 16 December, 1936, against the
administratrix appointed in South Carolina and the two children of
H. N. Askins, and filed complaint in which he alleged in substance that
H. N. Askins, Sr., entered into a special oral contract with him by
which he was employed to attend to the wants of, render assistance to
and look after said Askins when called on by him when indulging in
alcoholic liquor and sick therefrom, and as consideration therefor "said
Askins would give the plaintiff a home, a good home with a well of
water and some 50 or 75 acres of land," the purpose and intent being
that Askins would make a will devising to plaintiff the land; that plain-
tiff moved onto the lands of said Askins, worked as tenant, and fully
complied with all the terms of the contract from then until the death
of Askins; that a short time before his death Askins pointed out to
plaintiff and to others the line which would separate from his other
lands the boundary of about 75 acres of land which he expected and had
agreed to give plaintiff, and that if plaintiff be not entitled to recover
on special contract, that he recover on *quantum meruit* for services ren-
dered in the reasonable sum of $1,500.

At the time of instituting the action, writ of attachment was issued
and levy made on all the lands of which H. N. Askins died seized in
Union County, North Carolina.

Pending publication of notice of summons and of attachment the
defendants named therein on 4 January, 1937, entered special appear-
ance and moved to dismiss the action and attachment. The motion was
denied and appeal taken.

On 11 January, 1937, attorneys representing the South Carolina ad-
ministratrix gave notice to H. K. Helms, ancillary administrator, that
the administration in South Carolina was in process of settlement, that
the estate was insolvent, and that it would be necessary to sell lands in
Union County, North Carolina, to make assets.

On 6 February, 1937, by order, H. K. Helms, administrator, was
made party defendant, and as such he filed answer denying the material
allegations of the complaint.

At the February Term, 1937, of Superior Court, "by consent the
motion to vacate and dismiss is overruled and the objection is with-
drawn, and Alma Askins, individually, makes herself a party defend-
ant," and she and other defendants were granted time in which to

answer or demur. On 16 March, 1937, Alma F. Askins, H. N. Askins, Jr., and wife, Mrs. H. N. Askins, Jr., Florence Neal and husband, ....... Neal, filed answer denying the material allegation of the complaint.

At the trial below plaintiff offered evidence tending to support the allegations of his complaint.

Over objection by defendant, plaintiff's wife was permitted to testify that in 1928 she heard a conversation between H. N. Askins and the plaintiff as follows: "Him and Ed were sitting in the room there one day, talking, and he asked Ed, told Ed if he would take care of him he would give him a house and farm, about 50 to 75, acres to take care of him, and Ed agreed to do that."

Defendant further excepted to introduction in evidence of attachment proceedings.

The case was submitted to the jury on the following issues:

1. Did the defendant's intestate H. N. Askins and Edward Price enter into the contract alleged in the complaint?

2. Did the defendant's intestate H. N. Askins breach said contract, as alleged in the complaint?

3. Did the plaintiff Edward Price render services to the said H. N. Askins in good faith, relying on his contract and agreement with him, as alleged in the complaint?

4. What amount, if any, is the plaintiff entitled to recover?

Defendants objected to the submission of those issues and tendered others, which were refused, and defendants except.

The jury answered the first three issues in the affirmative and the fourth, "$1,350."

Upon the verdict judgment was rendered and the following inserted therein: "And that this judgment shall be a prior lien by reason of the attachments hereinbefore issued and by reason of the appearances herein of Alma F. Askins, widow, and Harold Askins and Florence Neal, heirs at law, on all of the assets of the estate of H. N. Askins in North Carolina against any claims or demands against said estate by the said Alma F. Askins, widow, and Harold Askins and Florence Neal, heirs at law."

Defendants appealed to the Supreme Court and assigned error.

*Vann & Milliken for plaintiff, appellee.*
*Coble Funderburk and O. L. Richardson for defendants, appellants.*

WINBORNE, J. These are the principal questions arising on this appeal: (1) In action by husband to recover for personal services is wife competent to testify to a transaction between husband and a deceased person? C. S., 1795. (2) Where right to recover on special oral con-

tract to convey real property as compensation for service rendered by husband is denied, is wife competent to testify to such contract on husband's claim for compensation on *quantum meruit?* (3) Do issues submitted fully present controversy? (4) Was refusal of motion to nonsuit proper? (5) Is plaintiff entitled to lien by virtue of attachment and by reason of personal appearance of heirs at law?

We answer the first four "Yes" and the fifth "No."

1. Defendant's contention that the wife of plaintiff is incompetent to testify to conversation she heard between plaintiff and intestate, C. S., 1795, is untenable. In *Burton v. Styers,* 210 N. C., 230, 186 S. E., 248, *Devin, J.,* said: "It has been consistently held by this Court that the prohibition against the testimony of 'a person interested in the event' extends only to those having a 'direct legal or pecuniary interest' and not to the sentimental interest the husband or wife would naturally have in the lawsuit of the other." *Helsabeck v. Doub,* 167 N. C., 205, 83 S. E., 241; *Chemical Co. v. Griffin,* 204 N. C., 559, 169 S. E., 152; *Hager v. Whitener,* 204 N. C., 747, 169 S. E., 645; *Vannoy v. Stafford,* 209 N. C., 749, 184 S. E., 512; C. S., 1801.

2. The defendant challenges the testimony of the wife of the plaintiff as incompetent for that the contract sued upon relates to real property and, if established, the wife would acquire an interest therein, and thereby is interested in the event of the action. On the facts of this case the objection is not sustained. The plaintiff alleges special oral contract to convey specific real property as compensation for services rendered, and in the event that he be not entitled to recover on such special contract, that he is entitled to recover for services rendered on *quantum meruit* basis. The defendant does not plead the statute of frauds, but enters a general denial to those allegations. This is equivalent to a plea of the statute. In *McCall v. Industrial Institute,* 189 N. C., 775, 128 S. E., 349, *Connor, J.,* states: "A parol contract to sell or convey land may be enforced unless the party to be charged takes advantage of the statute by pleading the same. But a denial of the contract as alleged is equivalent to a plea of the statute." *Arps v. Davenport,* 183 N. C., 72, 110 S. E., 580; *Henry v. Hilliard,* 155 N. C., 373, 71 S. E., 439. Defendant's denial renders the special oral contract void. Plaintiff is forced to resort to recover for services on *quantum meruit.* Thus the real property and any inchoate right the wife may have in the recovery of it are eliminated from the case.

3. The issues submitted fully presented the controversy. It seems that the law is settled that if issues submitted by the court are sufficient in form and substance to present all phases of the controversy, there is no ground for exception to same. *Bailey v. Hassell,* 184 N. C., 450, 115 S. E., 166.

4. Motions for judgment as of nonsuit were properly refused. The evidence was plenary for consideration by the jury on the allegations of contract, performance by the plaintiff, breach by the intestate, and damages.

The defendant's estate cannot escape liability for the services rendered by the plaintiff to the intestate at his request by pleading the statute of frauds. *Faircloth v. Kenlaw,* 165 N. C., 228, 81 S. E., 299. It is there stated: "He asked for the services, and has received the full benefit of them, and the law implies a promise to pay for them what they are reasonably worth, otherwise the statute would be turned into an instrument of fraud instead of executing the purpose for which it was passed. It was intended to prevent and not to promote fraud."

In *Deal v. Wilson,* 178 N. C., 600, 101 S. E., 205, *Walker, J.,* said: "Where services are rendered on an agreement which is void by the statute, an action will lie on the implied promise to pay for such services, and the terms of the contract are admissible as evidence of what those services are worth." Continuing, on page 603, "It is stated in Brown on Statute of Frauds, 5 ed., sec. 118, 'One who has rendered services in the execution of a verbal contract which on account of the statute cannot be enforced against the other party, can recover the value of his services upon the basis of *quantum meruit.'*"

Pertinent to cases of this character, in *Lipe v. Trust Co.,* 207 N. C., 794, 178 S. E., 665, *Stacy, C. J.,* summarized the law: "It is established by decisions in this jurisdiction (1) that when services are performed under an oral agreement, express or implied, that compensation is to be provided for in the will of the party receiving the benefit, and no such provision is made, an action will lie to recover for the breach or to prevent an unjust enrichment, if need be, on the part of the recipient of such services," citing among other cases *Whetstine v. Wilson,* 104 N. C., 385, 10 S. E., 471; *Hager v. Whitener, supra.*

5. There is error in the judgment providing that the judgment shall be a prior lien by reason of the attachments and by reason of the appearance of the heirs at law.

The alleged contract was with the intestate. The cause of action survived against the administrator. C. S., 159. There is statutory authority for appointment of an administrator where "decedent, not being domiciled in this State, died out of the State, leaving assets" in the State. C. S., 1 (3). The right to have an appointment made was open to plaintiff. C. S., 6 (3). A sale of real property by heirs of a nonresident within two years from granting of letters is invalid as to creditors and administrators. C. S., 76. No lien can be created against the estate of decedent by the commencement of a suit against the administrator. C. S., 102 and C. S., 62. The order of payment of all debts of decedent is prescribed by statute. C. S., 93.

Upon the death of a debtor his personal estate vests in the adminis-
trator or executor, and the lands descend to his heirs or vest in the
devisees, subject to be sold if necessary to make assets to pay debts.
"But the administration of the whole estate is placed in the hands of
the personal representative, who is required first to apply the personal
assets in payment of the debts, and if they prove insufficient, then the
statute prescribes how the lands may be subjected and sold . . ."
*Tuck v. Walker,* 106 N. C., 285, 11 S. E., 183; *Flynn v. Rumley,
ante,* 25.

There is no personal liability on the heirs at law, devisees or dis-
tributees. Their liability for the debts of a decedent extends only to the
value of the property of such decedent. C. S., 59 and 60. *Moffitt v.
Davis,* 205 N. C., 565, 172 S. E., 317. Hence the defendants, heirs at
law of H. N. Askins, are not estopped to deny the legal effect of the
attachment.

By this action the plaintiff has established his claim against the
estate of the decedent and is entitled to participate in the distribution
of the assets of the estate in accordance with the statute, C. S., 93, and
no more.

All other assignments have been considered and found to be without
merit.

The judgment, when modified in accordance with this opinion, is
affirmed.

Modified and affirmed.