T. O. MOORE, ADMINISTRATOR C. T. A. OF SALLIE SHELTON, DECEASED, V. JOHN W. JONES, ROBERT R. WILKERSON AND H. P. WILKERSON, TRADING AS WILKERSON FUNERAL HOME, AND G. W. WILLIAMS, ASSIGNEE.

(Filed 27 February, 1946.)

**1. Executors and Administrators § 13a—**

> The personalty is primarily liable for the payment of decedent's debts, including judgments and obligations secured by mortgages, and the real estate is secondarily liable and may be resorted to only in the event the personalty is insufficient to pay all debts in full.

**2. Judgments § 23—**

The owner of a docketed judgment has a lien on all real estate of his debtor within the county, G. S., 1-234, and death of the judgment debtor does not destroy the right to priority but merely precludes execution and remits the judgment creditor to the personal representative whose duty it is to administer the whole estate.

**3. Executors and Administrators §§ 13d, 16—**

When realty is sold under order of court to make assets the personal representative takes the land in the condition in which his decedent left it, and the proceeds of sale remain real estate until all liens are discharged and must be applied to the payment of such liens in the order of their priority, and only the residue is personalty to be distributed in the order of priority prescribed by G. S., 28-105, and therefore where the land is subject to a docketed judgment and a subsequently recorded mortgage the judgment must be satisfied in full before application of any part of the proceeds to the mortgage or to the payment of other debts.

APPEAL by defendant G. W. Williams from *Pless, J.,* at November Term, 1945, of ROCKINGHAM.

Petition for advice and direction as to the order of payment of claims filed against the estate of plaintiff's testatrix.

Sometime prior to 29 January, 1944, Sallie Shelton, resident of Rockingham County, died testate. At the time of her death she owned certain personal property and a small tract of land. Plaintiff, administrator *c. t. a.,* sold the personal property for $197.27. This included a horse and wagon of the value of $133 which was embraced in a mortgage hereafter noted. As the funds received from the sale of personal property were insufficient to pay the debts and costs of administration, he procured the sale of the land to make assets as provided by statute. He now has on hand $940.65, net proceeds of said sale.

There are outstanding, in addition to the costs of administration, claims as follows:

(1) Account for funeral expenses of $193;

(2) Judgment held by appellant for $100, interest and costs, docketed 18 November, 1937;

(3) Note for $250 held by defendant John W. Jones, secured by deed of trust to I. R. Humphreys, trustee, conveying the tract of land and the horse and wagon, recorded 13 January, 1938.

The funds on hand not being sufficient to discharge said claims in full, and a controversy as to the application of the proceeds derived from the sale of the land having arisen, plaintiff filed this petition for instructions.

The court below directed the plaintiff to apply all funds in his hands, received both from the sale of personalty and realty, as follows:

(1) The cost of administration;

(2) The note and deed of trust of John W. Jones;

(3) The funeral expenses;

(4) Judgment of G. W. Williams, assignee.

In so doing it specifically held that under G. S., 28-105, the deed of trust of John W. Jones has priority over the judgment of G. W. Williams. The defendant G. W. Williams excepted and appealed.

*Sharp & Sharp for defendant, appellant Williams.*
*No counsel contra.*

BARNHILL, J.  When a debtor dies his real estate descends to his heirs or vests in his devisees, and possession of his personal estate vests in his executor or administrator.  The personalty is primarily liable for the payment of his debts, including judgments and obligations secured by mortgages for, though secured, they are nonetheless debts, and heirs and devisees are entitled to have them paid out of the personal estate to the exoneration of the security.  *Guilford County v. Estates Administration, Inc.,* 213 N. C., 763, 197 S. E., 535; *Linker v. Linker,* 213 N. C., 351, 196 S. E., 329; *Price v. Askins,* 212 N. C., 583, 194 S. E., 284; *Lee v. Eure,* 82 N. C., 428.

The real estate is secondarily liable and may be resorted to only in the event the personal estate is insufficient to pay all debts in full.  Even then it must be converted into cash—personalty—under order of court and in the manner provided by statute.

So then it clearly appears that G. S., 28-105, providing the order in which debts are to be paid by an administrator or executor, relates exclusively to the application of personal property, the only estate with which the administrator has any right to deal.

When the administrator seeks an order for the sale of real property to make assets and thus to have it converted into personalty so that he may apply it to the payment of debts, he takes the land in the condition his decedent left it.  His petition to sell is a petition to convert and he can claim no more than she owned at the time of her death.  *Guilford County v. Estates Administration, Inc., supra.*  That is to say, when the land is sold to make assets the proceeds remain real estate until all liens are discharged and are to be applied to the payment of such liens in the order of their priority.  Only the residue, if any, is payable to the administrator as personal property to be distributed in the order provided by statute.  *Murchison v. Williams,* 71 N. C., 135.

Any other conclusion would run counter to reason and conflict with other provisions of our laws.  The owner of a docketed judgment has a lien on all the real estate of his debtor within his county.  G. S., 1-234. *Helsabeck v. Vass,* 196 N. C., 603, 146 S. E., 576; *Jackson v. Thompson,*

214 N. C., 539, 200 S. E., 16. This lien has priority over a subsequently recorded mortgage. *Duplin County v. Harrell,* 195 N. C., 445, 142 S. E., 481.

A docketed judgment fixes the lien and the debtor cannot escape it. *Moore v. Jordan,* 117 N. C., 86. Manifestly the Legislature did not intend that the death of the debtor should strike down this lien, destroy the right to priority of payment out of the land assured by statute, and reduce the claim to the status of an unsecured debt. *Guilford County v. Estates Administration, Inc., supra.*

A judgment creditor may not issue execution for the enforcement of his lien after the death of the judgment debtor. This avenue of relief is closed and he is required to look to the personal representative whose duty it is to administer the whole estate. *Sawyers v. Sawyers,* 93 N. C., 321; *Williams v. Weaver,* 94 N. C., 134; *Tuck v. Walker,* 106 N. C., 285; *Flynn v. Rumley,* 212 N. C., 25, 192 S. E., 868; Anno. 114 A. L. R., 1165. But this does not mean that when the personal representative finds it necessary to seek a conversion of the land to make assets either he or the court may disregard the rights of lienors.

A judgment is not a lien upon personal property prior to levy. *Hardware Co. v. Jones,* 222 N. C., 530, 23 S. E. (2d), 883. Hence the Legislature was at liberty to make provision for the order of its payment out of personal property without doing violence to any existing right of the creditor. However, we find nothing in this statute, G. S., 28-105, or in any other provision of the law, that indicates an intent to nullify the lien of a docketed judgment or to destroy any right acquired under the law prior to the death of the judgment debtor.

It follows that there was error in the judgment below. As the amount due on the judgment is less than the net sale price of the land it must be paid in full before any part of such proceeds is applied to the satisfaction of the mortgage or to the payment of other debts.

Reversed.