ELLEN ROUSE v. KING SOLOMON ROUSE, EXECUTOR OF THE ESTATE OF W. W. ROUSE, DECEASED, AND KING SOLOMON ROUSE, INDIVIDUALLY, AND BOURBON BLAKE ROUSE, ELBA JEANETTE ROUSE AND CLINTON WOODLEY ROUSE, MINORS, BY W. A. ALLEN, JR., GUARDIAN AD LITEM.

(Filed 8 April, 1953.)

1. **Wills § 44—**

Under the doctrine of election a person will not be allowed to receive the benefits accruing to him under an instrument and at the same time assert paramount title to other property disposed of by the instrument to another, since he may not accept and reject the same writing.

2. **Executors and Administrators § 13a—**

Personal property of a decedent must be applied to the payment of the debts of the decedent owing at the time of his death before resort can be had to his real property even to satisfy a specific lien.

**3. Same: Wills § 44—**

Testator devised to his wife a life estate in certain realty and bequeathed her his personalty. His wife asserted a claim against the estate for money constituting a part of her separate estate which he had received and not accounted for. It was not made to appear that the personalty was insufficient to pay the wife's claim. *Held:* By accepting the rents and profits from the realty, the wife elected to take under the will and is not entitled to have the realty sold to pay her claim as a specific lien.

Appeal by defendants from *Crisp, Special Judge,* September Term, 1952, Lenoir. Reversed.

Civil action to recover $1,000 and to have said debt adjudged a specific lien on certain real property.

W. W. Rouse, husband of plaintiff, received during coverture a total of $1,000 in cash which belonged to plaintiff as a part of her separate estate and had not, at the time of his death, accounted to her for the same. Instead, he had invested or spent the full sum in the construction of a combination residence and store building on land owned by him.

On 29 July 1948, Rouse died, leaving a last will and testament in which he devised to plaintiff all his real estate for and during the term of her natural life, with remainder to "King Solomon Rouse and his children living at the time of the death" of his wife. He likewise bequeathed to her all his personal property except his piano.

The plaintiff instituted this action (1) for the recovery of said sum, (2) to have the debt decreed a specific lien on the house and lot described in the complaint, and (3) for a decree of foreclosure of said lien to satisfy said debt.

The defendants, owners of the said land, subject to the life estate of plaintiff, answering, deny that the decedent, at the time of his death, was indebted to plaintiff in any amount. They allege further that, in any event, plaintiff elected to accept the benefits accruing to her under the will of her deceased husband by receiving, taking possession of, and claiming as her own the property devised and bequeathed to her, and that by said election she is now estopped to assert her said debt or the alleged specific lien for the payment thereof.

The jury found for its verdict that (1) the decedent received during coverture $1,000 which was a part of plaintiff's separate estate; (2) plaintiff did not loan same to her husband; (3) said fund was invested in the construction of the building located on the property devised by him to plaintiff; (4) he did not, prior to his death, reimburse plaintiff for the money he had received; (5) plaintiff's claim is not barred by the ten-year statute of limitations; and (6) plaintiff, at the death of her husband, took possession of the dwelling house and store devised to her and has since

been in possession thereof, receiving the rents and profits therefrom. There were other findings which are not material here.

Upon the verdict rendered, the court below entered judgment that (1) plaintiff recover of defendant executor the sum of $1,000, (2) said sum, together with interest, constitutes a specific lien upon the land described in the complaint, and (3) said land be condemned to be sold by commissioners named, the net proceeds of sale, after costs and taxes, to be' first applied to the satisfaction of said debt and interest, the balance to be distributed as therein directed among defendants or to the clerk for their use and benefit. Defendants excepted and appealed.

*Jones, Reed & Griffin* for plaintiff appellee.
*Allen, Allen & Langley* for defendant appellants.

BARNHILL, J. There is error in the judgment entered in the court below. Plaintiff elected to take the benefits accruing to her under the will of her husband. She took possession of the very land upon which she claims a specific lien and, since the death of her husband, has been receiving the rents and profits therefrom. While the record is not entirely clear in respect thereto, we must assume that she has received or claims the right to receive the personal property bequeathed to her, for she "cannot accept and reject the same writing." Bispham's Eq., 6th Ed., 413; *Benton v. Alexander,* 224 N.C. 800, 32 S.E. 2d 584, 156 A.L.R. 814.

The doctrine of election rests upon the principle that a person claiming under any document shall not interfere by title paramount to prevent another part of the same document from having effect according to its construction; he cannot accept and reject the same writing. *Elmore v. Byrd,* 180 N.C. 120, 104 S.E. 162; *Benton v. Alexander, supra.*

Here plaintiff accepted the benefits accruing to her under the will and took the very property the law subjects to the payment of her debt, *Moore v. Jones,* 226 N.C. 149, 36 S.E. 2d 920. She now seeks to sell the interest of the remaindermen in the real property to the exoneration of the personalty bequeathed to her in the will. This is one of the several types of claims the law will not enforce. The plaintiff has made her election and is now estopped to assert her claim to a preferred lien on the very property she received as devisee under the will of the debtor. *Tripp v. Nobles,* 136 N.C. 99; *Elmore v. Byrd, supra; Trust Co. v. Burrus,* 230 N.C. 592, 55 S.E. 2d 183; *Benton v. Alexander, supra.*

The personal property of a decedent must be applied to the payment of his debts owing at the time of his death before resort can be had to his real property even to satisfy a specific lien. *Moore v. Jones, supra; Linker v. Linker,* 213 N.C. 351, 196 S.E. 329; *Price v. Askins,* 212 N.C. 583, 194 S.E. 284.

So then, we may concede, without deciding, that the estate is indebted to the plaintiff and said debt is secured by a specific lien on the real property devised to her. If this be true, then it is the duty of the executor to take possession of and sell the personal property bequeathed to plaintiff and, out of the proceeds of the sale, discharge the debt due her. How she can hope to profit by insisting upon this proceeding, we are unable to perceive.

It may be the personal property is insufficient to pay the debts and costs of administration. If so, plaintiff has failed to make that fact appear of record and the court was without authority to order a sale of the testator's real property for the satisfaction of his debts save and except in the manner provided by law.

The judgment entered in the court below is

