## STATE v. J. T. DAVIS.

### *Affray—Public Road—Trespass.*

The public have only an easement in a highway to pass and repass along the same, and when one stops in the road and uses loud and obscene language, he becomes a trespasser, and the owner of the land has the right to abate the nuisance which he is creating; and in case the trespasser is armed with a pistol and acting in a belligerent manner the principle of *molliter manus* does not apply.

(*State* v. *Buckner*, Phil., 558; *State* v. *Perry*, 5 Jones, 9; *State* v. *Robbins*, 78 N. C., 431, cited and approved.)

INDICTMENT for an Affray tried at November Term, 1878, of WAKE Criminal Court, before *Strong, J.*

The opinion contains the facts. That portion of the charge of the court to which exception was taken is as follows: (the defendant and one Lassiter being on trial under the indictment) "Should the jury find that defendant Davis while in a public highway passing over lands of which Mrs. Laws was in possession, or while out of the highway but on such lands, used obscene, vulgar, and profane language to the annoyance of men and women in the house of Mrs. Laws situated near by, and that defendant, Lassiter, was her son and lived in said house with his mother, and that he struck Davis for the purpose of suppressing said annoyance and used no more force than was necessary for that purpose, you

will find him not guilty." Verdict of not guilty as to Lassiter and guilty as to Davis. Judgment, appeal by defendant.

*Attorney General,* for the state.
*Mr. T. M. Argo,* for the defendant.

ASHE, J. The defendant and one Evans were quarrelling near the dwelling house of Mrs. Laws in a public road running over her land. The defendant armed with a pistol which he had in his hand was vaporing, cursing, and using very vulgar language in the hearing of the inmates of the house. Lassiter who was the son of Mrs. Laws and lived with her, came out with an ordinary walking stick in his hand and remonstrated with the defendant, who still holding his pistol cursed and denounced him, saying he was in the public road and he would curse as much as he pleased. After the interchange of a few words, the lie was given by defendant, and Lassiter struck him with his stick, when the defendant attempted to use his pistol but was prevented by those present.

He seems to have rested his defence upon the ground that he was in the public road and had the right to do there as he pleased. In this he was mistaken. The public have only an easement in a highway, that is, the right of passing and repassing along it. The soil remains in the owner, and where one stops in the road and conducts himself as the defendant is charged to have done, he becomes a trespasser, and the owner has the right to abate the nuisance which he is creating. The principle of *molliter manus* does not apply to a case like this, where the trespasser armed with a pistol is acting in such belligerent defiance. See *State* v. *Buckner,* Phil., 558.

The defendant used language which was calculated and intended to bring on a fight, and a fight ensued. He

is guilty. *State* v. *Perry*, 5 Jones, 9 ; *State* v. *Robbins*, 78 N. C., 431.

We find no error in the charge given by His Honor to the jury. Let this be certified, &c.

PER CURIAM. No error.