STATE v. JESSE HEWELL.

*Public Road—Easement—Concealed Weapon.*

1. The laying off a highway over one's land does not deprive him of the freehold covered by the road. The public acquire only an easement—the right to pass and repass.

2. On trial of an indictment for carrying a concealed weapon off the defendant's own premises, the jury found specially that defendant, a minor, was seen with a pistol in a public road which ran over his father's land, and the judge ruled he was not guilty; *Held*, no error. In contemplation of law the son was not off his own premises.

(*State v. Davis*, 80 N. C., 351, cited and approved).

INDICTMENT for carrying concealed weapon, tried at Fall Term, 1883, of MITCHELL Superior Court, before *Graves, J.*

The indictment was found at spring term, 1883, as follows: "The jurors for the state upon their oaths present, that Jesse

45

Hewell, late of the county of Mitchell, on the first day of March, 1883, with force and arms at and in the county aforesaid, unlawfully and wilfully, and not on his own premises, did carry concealed about his person a certain pistol, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

The defendant pleaded not guilty and the jury returned the following special verdict: ' "That the said Jesse Hewell was in the public road with a pistol; that the road was over the land of the defendant's father; and that the defendant was a minor living with his father." Upon this finding, the court held that the defendant was not guilty, and the state solicitor appealed.

*Attorney-General*, for the State.
No counsel for the defendant.

ASHE, J.   The defendant was indicted under the act of 1879, ch. 127, the first section of which declares it "shall be unlawful for any person in this state, except when upon his own premises, to carry concealed about his person any pistol, bowie-knife, dirk, dagger, slung-shot, loaded cane, brass or metallic knuckles, or other deadly weapon of like kind." And the third section provides that "any person being off his own premises and having on his person any deadly weapon described in section one, such possession shall be *prima facie* evidence of the concealment thereof."

According to the finding of the jury, the defendant was not guilty of a violation of this act.

The public road, in which the defendant was seen with the pistol, was a road running over the land of his father.

The fact that a public road is laid off on a man's land does not deprive him of the freehold of the land covered by the road. His title continues in the soil, and the public acquire only an easement, that is, the right of passing and repassing along it. *State* v. *Davis*, 80 N. C., 351; *Dovaston* v. *Payne*, 2 Smith, L.

C., 90. The father certainly could not be indicted for carrying a pistol on the road over his own land, because it is on his own premises; and the son being a minor and living with his father as a member of his family, is in contemplation of law not off his own premises when on his father's land, where he has a right to be.

There is no error. Let this be certified to the superior court of Mitchell county that the defendant may have his discharge.

No error. Affirmed.