ROAD COMMISSION OF EDGECOMBE v. STATE HIGHWAY
COMMISSION.

(Filed 21 February, 1923.)

**Roads and Highways—County Roads—Change of Route—State Highway Commission—Discretionary Powers—Statutes—Courts.**

The statute, Laws 1921, ch. 2, sec. 10, subsec. (b), and sec. 2, give broad discretionary powers to the State Highway Commission in establishing, altering, and changing the route of county roads that are or are proposed to be absorbed in the State highway system of public roads; and where the commission, in pursuance of section 7 of the act, have, as required, posted at the courthouse door of a county a map showing the proposed route,. and the county roads to be taken, the limitation of sixty days expressed in the statute is upon the time allowed the county to object; and a subsequent change made by the State Highway Commission in the proposed route prior to the time of building the highway is not reviewable by the court in the absence of an abuse by the commission of the discretionary power conferred on it by the statute.

APPEAL by plaintiff from *Daniels, J.,* at November Term, 1922, of EDGECOMBE.

The defendant, the State Highway Commission, in compliance with Laws 1921, ch. 2, on 2 May, 1921, posted at the courthouse door in Edgecombe a map of the roads in said county in the State system of highways, and notified the road commission of Edgecombe thereof. As located on said map, the road from Tarboro to Halifax was shown as going *via* Speed and Hobgood. Thereafter, on 9 June, 1921, the plaintiff road commission of Edgecombe notified the State Highway Commission that this route was acceptable. The road so selected and mapped

by the State Highway Commission between Tarboro and Scotland Neck passed through Speed and Hobgood, lying partly in Halifax and partly in Edgecombe counties. On 1 September, 1921, the Highway Commission having had a hearing to determine whether finally to approve the route between Scotland Neck and Tarboro passing through Hobgood and Speed, abandoned the location of that part of the route between Moore's Crossing and Scotland Neck, substituting a shorter and, as it adjudged, a better route.

This action is a *mandamus* to compel the State Highway Commission to revert to the original suggestion that the route between Moore's Crossing and Scotland Neck should pass through Speed and Hobgood.

The defendant demurred upon the ground that the complaint did not state a cause of action. The demurrer was sustained, and the plaintiff appealed.

*Henry C. Bourne for plaintiff.*
*Attorney-General Manning and Assistant Attorney-General Nash for defendant.*

CLARK, C. J. The only point presented to the Court for decision is whether or not section 7 of the State Highway Act, Laws 1921, ch. 2, operates as a restriction upon the powers of the State Highway Commission in locating the State highways after said commission has mapped out the route in a particular county and has publicly posted same at the courthouse door of that county.

An examination of section 7 of the act shows that it provides tentatively for the location and designation of roads to be thereafter taken over as a part of the State highway system. The act provides that after the map is posted at the courthouse door, the county commissioners may, in 60 days thereafter, enter an objection to the tentative location. If the county commissioners fail to do so, then the road so selected shall be and constitute a part of the State highway system.

The plaintiff contends that such posting of this road on 2 May, 1921, without objection made in 60 days, deprived the State Highway Commission from altering this particular road. Section 7 of the act, however, while making the 60 days a limitation on the time in which the county commissioners could except to the location of the road, especially provides: "A map showing the proposed roads to constitute the State Highway Commission is hereto attached to this bill and made a part hereof. The roads so shown can be changed, altered, added to, or discontinued by the State Highway Commission." The road here which was changed by the State Highway Commission after posting at the

courthouse door, was .set out on the map as the proposed road from Tarboro by Speed and Hobgood to Scotland Neck. The State Highway Commission understood it to be purely a proposal, and that section 7 expressly conferred upon the commission authority to alter or change this road, which it did 1 September, 1921, after hearing objections presented to this proposed change.

Furthermore, in a broader view, the State, in the construction of these highways, is acting through an administrative body. Subsection (b) of this act, section 10, defines the power and authority of the State Highway Commission to determine, in the exercise of reasonable discretion, the most practical route between termini. Section 2 of the act provides that the State Highway Commission shall have "full power to widen, relocate, change, or alter the grade or location (of any road therein), or to change or relocate any existing road that the State Highway Commission now owns or may acquire."

It was evidently the intent of the statute that the posting at the courthouse door was to give the State Highway Commission an opportunity to pass upon objections which might be raised against the proposed location by the local authorities and the restriction of 60 days in which such objection could be made was a restriction upon the local authorities only. It was not intended to take from the State Highway Commission the general discretionary authority conferred in section 7 to "change, alter, add to, or discontinue" the roads shown on the map posted by the Highway Commission.

The action of the Highway Commission complained of consisted merely in shortening the road between Moore's Crossing and Scotland Neck (2 points on the road between Halifax and Tarboro). It does not appear that this was an abuse of the authority vested in the Highway Commission, and the court below properly refused to grant a *mandamus* to compel the Highway Commission to adhere to the first or tentative location of the road. Neither by length of time nor long use nor by the allegation of any other fact does it appear that the Highway Commission exercised their discretionary power arbitrarily or abusively, and the judgment is

Affirmed.