G. B. D. PARKER ET AL. v. THE STATE HIGHWAY COMMISSION, THE BOARD OF COMMISSIONERS OF DUPLIN COUNTY ET AL.

(Filed 23 June, 1928.)

1. **Highways—State Highway Commission—Taking Over County Roads— Statute Allowing Only County Road Body to Object to Location Constitutional—Vested Rights.**

Section 7, ch. 46, Public Laws 1927, giving to the road-governing body of a county alone the right to object to a change in the route of an existing State highway, taken over by the State Highway Commission, with certain provisions as to procedure on appeal, and prohibiting certain persons, corporations, or municipal corporations from maintaining any

action in the courts in respect thereto, is constitutional and valid, and does not deprive such persons, etc., of any vested right; and this result is not affected by the fact that the county had advanced money to construct the original road, as allowed by law.

**2. Same—Powers of County Road Body.**

It is within the discretion of the road-governing body of a county to object or not, to the partial change by the State Highway Commission to the road adopted by it as a part of the State system of public highways under the procedure specified by the statute, and their action is not subject to review in the courts, either with respect to a protest or an appeal to the full board of the State Highway Commissioners from the determination of the special committee appointed to investigate the question and determine it preliminarily.

CLARKSON and BROGDEN, J.J., dissenting.

APPEAL by plaintiffs from judgment of *Harris, J.,* dated 20 January, 1928. Affirmed.

Action to enjoin the defendant, the State Highway Commission, from abandoning part of a State highway, in Duplin County, as heretofore located in compliance with statutory provisions, and for mandamus requiring both defendants to construct said State highway in accordance with the provisions of a certain contract heretofore entered into by and between said defendants.

From judgment sustaining a demurrer to the complaint, filed by each of the defendants, plaintiffs appealed to the Supreme Court.

*H. D. Williams and L. A. Beasley for plaintiffs.*

*Assistant Attorney-General Ross for defendant, State Highway Commission.*

*Gavin & Boney for defendant, the Board of Commissioners of Duplin County.*

CONNOR, J. It appears from the complaint in this action that prior to 28 April, 1925, the defendant, the State Highway Commission, pursuant to the provisions of chapter 2 of the Public Laws of 1921, designated as one of the roads to be taken over by said Highway Commission as part of the State highway system, a certain public road, leading from the town of Kenansville, the county-seat of Duplin County, by way of Hallsville in said county, to the Duplin-Onslow line, and thence by Catherine Lake, in Onslow County, to the town of Jacksonville, the county-seat of said county. The said road was shown on the map posted at the courthouse door in Kenansville, as required by statute, and no protest having been filed, it was thereafter adopted and taken over by said Highway Commission as part of the State highway system. It has since been under the control, supervision and maintenance of the said

PARKER *v.* HIGHWAY COMMISSION.

Highway Commission as a part of route No. 24 of the State highway system between Kenansville and Jacksonville.

Thereafter, the board of commissioners of Duplin County entered into negotiations with the State Highway Commission, which resulted in a contract, in writing, dated 28 April, 1925, by which the said board of commissioners agreed to advance to the State Highway Commission the sum of $400,000, to be used by said Highway Commission in the construction of certain roads in Duplin County, which had been theretofore designated and taken over by said Highway Commission as parts of the State highway system. One of the said roads to be constructed under said contract is the road leading from Kenansville to the Onslow County line. The State Highway Commission agreed to accept from the board of commissioners of Duplin County the said sum of $400,000, and to expend the same in the construction of the roads described in said contract, "in accordance with locations to be determined upon by the said North Carolina State Highway Commission." This contract has been complied with by the board of commissioners of Duplin County, and the State Highway Commission has expended part of the sum advanced by said board in the construction of said roads. No part, however, of the road leading from Kenansville to the Onslow County line had been constructed prior to 31 May, 1927.

On 31 May, 1927, the State Highway Commission, pursuant to the provisions of chapter 46 of Public Laws of 1927, and in accordance therewith, notified the board of commissioners of Duplin County that said Highway Commission proposed to change, in part, the location of the highway leading from Kenansville to the Onslow County line, so that said highway would depart from the original location at Millers Cross Roads, and would run thence by Beulaville, to the original location of said highway, at or near Fountain's store, thereby abandoning so much of said highway as ran from Millers Cross Roads by Hallsville to Fountain's store. Protest was made by the board of commissioners of Duplin County to this proposed change in the location of said highway. This protest was heard by a committee from the State Highway Commission. It was not sustained. The board of commissioners gave notice of appeal from the decision of the committee to the State Highway Commission. Pending the hearing of said appeal, an agreement was entered into by and between the said board of commissioners, and the said Highway Commission, by the terms of which the said appeal has not been prosecuted. The State Highway Commission is now engaged in the construction of the highway from Kenansville to the Onslow County line, by way of Beulaville, and threatens to abandon that part of said highway which runs from Millers Cross Roads by way of Hallsville to the said Onslow County line.

50—195

Plaintiffs, residents of Duplin County, in behalf of themselves and of all other citizens and taxpayers of the State of North Carolina, who may make themselves parties hereto, have brought this action against defendants, the State Highway Commission, and the members of said Commission as individuals, and the board of commissioners of Duplin County, and the members of said board as individuals. They pray that "defendant, State Highway Commission, be restrained and enjoined against the abandonment of that part of State highway No. 24, as originally located on State highway map, between Millers Cross Roads by Hallsville, to the Onslow County line near Fountain's store, and that a mandatory order be issued to all of the defendants, requiring them to construct and hard-surface the said highway No. 24 between Kenansville and the Onslow County line, as provided by law, and under the contract of 28 April, 1923, between defendant Duplin County and the defendant State Highway Commission, for costs and general relief."

The defendants, the State Highway Commission, and the individual members thereof, demurred to the complaint herein, for that, among other grounds for such demurrer, it is expressly provided by section 7 of chapter 46 of the Public Laws of 1927, "that no action shall be maintained in any of the courts of this State against the State Highway Commission to determine the location of any State highways or portion thereof, by any person, corporation, or municipal corporation, other than the road-governing body of the county in which said road is situate, or the county-seat or principal town affected, as in this act defined, by any change, alteration or abandonment." From judgment sustaining the said demurrer, and dismissing the action as to these defendants, plaintiffs appealed to this Court.

Chapter 46 of the Public Laws of 1927 was ratified on 25 February, 1927. It has been in full force and effect since said date. This action was begun on 14 January, 1928. Section 7 of said chapter is, therefore, applicable to this action, and is the law governing the same. Whatever doubts may have been held or expressed prior to the enactment of said statute, as to the right of a citizen or taxpayer to maintain an action against the State Highway Commission, or its members, with respect to the location of a State highway, under the provisions of chapter 2 of the Public Laws of 1921, it is clear that since its enactment, such action cannot be maintained, unless section 7 of said chapter is unconstitutional and void, as contended by plaintiffs. Only the road-governing body of the county in which the highway is located, or the county-seat or principal town affected by the location of said highway, or by a change, alteration or abandonment of the same, can now maintain such action. The contention of plaintiffs that section 7 is unconstitutional and void, is not supported by any authorities cited, or sus-

tained by any principle of law. No citizen or taxpayer, as such, has, or can acquire any vested right in the location of a State highway, which deprives the State Highway Commission of the power, conferred by statute, to change, alter or abandon such location. The principle upon which it has been held that the owner of a lot abutting on a street, where the lot was conveyed with reference to such street, and said street was laid out and opened with reference to the sale of lots abutting thereon, has no application to the decision of the question here presented. There is no error in the judgment sustaining the demurrer of defendants, the State Highway Commission, and the members of said Commission. The General Assembly in pursuance of its policy to vest in the State Highway Commission discretion with respect to the location of State highways, and also with respect to the change, alteration and abandonment of same, subject only to restrictions imposed by statute, has expressly denied plaintiffs the right to maintain this action.

Chapter 46 of the Public Laws of 1927, and all its provisions are valid. The change in the highway from Kenansville to the Onslow County line, resulting in the abandonment of that portion of said highway, as originally located, under the provisions of chapter 2, Public Laws of 1921, from Millers Cross Roads by way of Hallsville to Fountain's store, was made by the State Highway Commission, as authorized by statute, and after full compliance with its provisions. Its action with respect to such location is not reviewable by this Court, upon the appeal of the plaintiffs, citizens and taxpayers of the State and residents of Duplin County from the judgment sustaining the demurrer to the complaint. *Parks v. Commissioners,* 186 N. C., 490.

The defendants, the board of commissioners of Duplin County, and the individual members thereof, demurred to the complaint herein, for that, among other grounds for such demurrer, the said complaint does not state facts sufficient to constitute a cause of action against said defendants. From judgment sustaining the said demurrer, and dismissing the action as to these defendants, plaintiffs appealed to this Court.

It does not appear from the allegations of the complaint that the board of commissioners of Duplin County, or that the members of said board, as individuals, have any power or duty with respect to a change, alteration or abandonment of any portion of a State highway located in Duplin County, proposed to be made by the State Highway Commission, in the exercise of the discretion conferred by statute upon said Commission except to protest against such change, alteration or abandonment. Even when such protest is made, and heard, first by the committee, and then upon appeal by said board from an adverse decision by the committee, by the whole Highway Commission, the decision of the State Highway Commission is final and conclusive.

Whether or not, in the first instance, the board of commissioners, as the road-governing body of the county, shall protest against a change, alteration or abandonment of a road located and maintained by the State Highway Commission, as a part of the State highway system, and then, upon an adverse decision by the committee with respect to such protest, shall appeal to the full commission, are both matters within the discretion of said board. Its action, with respect to a protest, or with respect to an appeal, is not subject to judicial review. The courts are without power to control the said board in the exercise of its discretion by a writ of mandamus. Even if the portion of the said highway from Kenansville to the Onslow County line had been constructed prior to the proposed change in its location, such change could have been made by the State Highway Commission, under statutory authority, with the consent of the said board of commissioners, acting as the road-governing body of Duplin County, section 4, chapter 46, Public Laws 1927.

The board of commissioners of Duplin County had the power, conferred by statute, to enter into the contract dated 28 April, 1925, by which the said board advanced a large sum of money to the State Highway Commission in the construction of State highways located in said county and designated in said contract. *Young v. Highway Commission,* 190 N. C., 52. Under this contract it was agreed that the highways to be constructed should be located by the State Highway Commission. Such location could be made at any time prior to construction. *Johnson v. Commissioners,* 192 N. C., 561.

There is no error in sustaining the demurrer of these defendants upon the ground that no cause of action is set out in the complaint against them. The judgment dismissing the action is

Affirmed.

CLARKSON and BROGDEN, J.J., dissent.