MRS. ADA LONG (Widow), LOUISE LONG KERLIN and G. L. KERLIN v. HAZEL MELTON.

(Filed 18 September, 1940.)

1. **Highways § 18—Upon relocation of State highway, owner of land abutting old road has right of ingress and egress over old road to the new road as against owner of fee in the old road.**

   The dividing line between the tracts of land owned by plaintiffs and defendant, respectively, was the center of a State highway, the land owned by plaintiffs lying south of the highway. The highway was relocated to the north and the rights of way of the new and old highways overlapped, so that plaintiffs' land touched the new highway on the northeastern end of their property, while to the north in front of buildings erected by their predecessor in title, the northern half of the old road and right of way, the fee of which was owned by defendant at the time of the action, lay between plaintiffs' land and the new highway. *Held:* Plaintiffs are entitled to an easement for ingress and egress over the old road and right of way to the new highway in front of their property, notwithstanding the existence of a less satisfactory and less valuable means of egress and ingress to the new road at the eastern end of their property, and judgment as of nonsuit was improperly entered in their action to restrain defendant from obstructing the old highway.

2. **Same—**

   Where a State highway is relocated so that the rights of way of the old and new highway overlap, a person purchasing the fee in property which theretofore constituted the old highway and right of way takes same subject to the rights of property owners abutting the old highway to ingress and egress over the old highway to the new highway.

3. **Highways § 12—**

   The burden is upon the party asserting the discontinuance, abandonment or vacation of a public highway to prove the asserted discontinuance, abandonment or vacation of the highway, the presumption being in favor of the continuance of the highway with the principles and incidental rights attached to it.

4. **Highways § 18—In an action to enjoin owner of fee from obstructing highway, burden is upon defendant owner asserting that highway had been abandoned to prove such defense.**

   Evidence on the part of defendant that the State Highway Commission had relocated a State highway and after the said relocation discontinued

LONG v. MELTON.

upkeep of the old highway does not establish the abandonment of the old road as a public road, since the proof does not negative the continuation of the old road under county maintenance or under private maintenance with the approval of the county authorities, and upon such proof a judgment as of nonsuit in plaintiffs' action to restrain defendant from obstructing the old highway is error.

**5. Actions § 4—**

In plaintiffs' action to establish right of ingress and egress over defendant's land from plaintiffs' business property to a public highway, allegations that plaintiffs were using their property for an unlawful purpose or that the operation of plaintiffs' business constituted a nuisance against public morals, do not constitute a defense to plaintiffs' action to establish their property rights, since the rights of the public may be protected by invoking the provisions of the criminal law or by proceedings to abate the maintenance of a nuisance.

DEVIN, J., concurring.

BARNHILL, J., dissents.

STACY, C. J., and WINBORNE, J., concur in dissent.

APPEAL by plaintiffs from *Grady, Emergency Judge,* at 27 November, 1939, Extra Civil Term, of MECKLENBURG. Reversed.

This is an action for damages by plaintiffs against defendant, and also "that plaintiffs be granted an injunction enjoining and restraining the defendant, her servants, agents and employees, from obstructing said highway or interfering with the free use thereof by plaintiffs, their tenants and the public generally, seeking access to the lands of the plaintiffs; that plaintiffs recover the costs of this action to be taxed by the clerk, and have such other and further relief as to the court may seem just and proper."

The defendant in her answer, after denying plaintiffs' right to damages, prays: "That the plaintiffs recover nothing of her; that the plaintiffs do not have the relief or any part thereof prayed for in the complaint; that no restraining order, either temporary or permanent, be issued against her; that she go without day and recover her costs of the plaintiffs and their bondsmen; that she be awarded such affirmative relief to which she may be entitled in the premises both at law and in equity."

*The facts:* Louis Long died in February, 1937, seized and possessed of a tract of land fronting on and lying south of the Old Dowd Road in Mecklenburg County, N. C., and extending out in the Catawba River on the westerly side. That the line of said land extended to the center of the Old Dowd Road and adjoined the lands of S. A. Berryhill. Louis Long died, leaving a widow, Ada Long, and one child, Louise Long Kerlin, and that said Louise Long Kerlin is the owner of said lands mentioned in the complaint, subject to a dower interest of Ada Long. The Old Dowd Road was the main State highway between Charlotte

and Gastonia. That upon construction of the new concrete bridge over the Catawba River the said main State highway between Charlotte and Gastonia was moved northerly and known as the New Wilkinson Boulevard. The right of way of the State highway at the place in controversy at the Old Dowd Road is 60 feet in width; the right of way of the New Wilkinson Boulevard is 100 feet in width; the Old Dowd Road has a paving of a width of 40 feet, and the New Wilkinson Boulevard has a paving of the width of 40 feet. Louis Long and the plaintiffs herein and their tenants have openly, adversely and notoriously used the Old Dowd Road, of a width of 60 feet, for a period of more than 20 years, and without obstruction or interference from anyone, or a dispute of the lawful right to use the same until the construction by the defendant of the obstruction on said Old Dowd Road, and that said highway has been not only used by Louis Long and the plaintiffs herein, and their tenants, but by the public generally for a period of more than 20 years, openly, adversely and notoriously, and without objection on the part of anyone until the construction by the defendant of the obstructions mentioned in the complaint. Louis Long built a filling station, dance pavilion and barbecue stand on his land near the Catawba River, facing on the Old Dowd Road, which was used for ingress and egress to his property. The defendant, at the commissioners' sale of S. A. Berryhill's estate, purchased 71/100 of an acre of land which practically covered a part of the right of way of the Old Dowd Road and the New Wilkinson Boulevard. The northern line extended about 499 feet with the center of the New Wilkinson Boulevard and ran on the east side 35 feet south to a stake in the Old Dowd Road, thence N. 73 W., 475 toward the Catawba River to a stake in the Old Road, thence N. 33 E., 85 feet to a point in the center of the New Wilkinson Boulevard—containing 71/100 acres. Posts with "No Trespassing" signs on same have been put up by defendant to stop plaintiffs from ingress and egress to their property over the New Wilkinson Boulevard and the Old Dowd Road opposite their property. The defendant contends that at the commissioners' sale, she purchased the fee simple in the land and had a right to close the road. That by going some 500 feet in an easterly direction from where the buildings are located, plaintiffs can enter the New Wilkinson Boulevard and can travel on one-half (30 feet) of the Old Dowd·Road, and thus have ingress and egress to their property.

A temporary injunction was granted for plaintiffs and continued to the hearing. On the hearing, "Upon the close of plaintiffs' evidence, defendant demurred to the evidence and moved for judgment as of nonsuit, motion allowed." To the allowance of said motion of nonsuit plaintiffs in apt time excepted, assigned error and appealed to the Supreme Court.

The assignment of error and other necessary facts will be set forth in the opinion.

*H. L. Taylor for plaintiffs.*
*J. Laurence Jones and Stewart & Moore for defendant.*

CLARKSON, J.  Did the court err in signing the judgment as in case of nonsuit, C. S., 567?  We think so, under the facts and circumstances of this case.

The New Wilkinson Boulevard is 100 feet wide and paved 40 feet in the center.  The Old Dowd Road is 60 feet wide and paved 40 feet in the center.  The right of way of the New Wilkinson Boulevard on the south is on the Old Dowd Road right of way.  The 60-foot right of way of the Old Dowd Road overlaps for some distance on the 100-foot right of way of the New Wilkinson Boulevard.  There is no question that plaintiffs had a right to the Old Dowd Road for ingress and egress to their land.  The New Wilkinson Boulevard was built on the north of the Old Dowd Road, and part of the 100-foot right of way, on the right of way of the Old Dowd Road.  Plaintiffs' predecessor in title built on the Old Dowd Road and had ingress and egress over same before the New Wilkinson Boulevard was built.  We see no good or valid reason why plaintiffs' successor in title should not have a right of way or easement over the Old Dowd Road onto the New Wilkinson Boulevard, which overlaps same.  Under the facts and circumstances of this case, we think there was evidence to support plaintiffs' claim to use the full width (60 feet) right of way of the Old Dowd Road for ingress and egress to the New Wilkinson Boulevard.

The fact that the Old Dowd Road was a State highway, 60 feet wide, maintained by the State and used by the public for years, is not disputed. The fee to the strip of land between the paved portion of the two highways was vested in the Berryhill estate and the defendant purchased this strip and sought to obstruct the old highway by placing posts with wire attached thereto, so as to prevent travel from the new highway to plaintiffs' land.  The obstructions were located within the 60-foot right of way of the old road, and the approach used to plaintiffs' lands was entirely within the right of way of the two highways comprising a strip 160 feet wide.

In *S. v. Hewell,* 90 N. C., 705 (706-7), we find the following: "The fact that a public road is laid off on a man's land does not deprive him of the freehold of the land covered by the road.  His title continues in the soil, and the public acquires only an easement, that is, the right of passing and repassing along it.  *S. v. Davis,* 80 N. C., 351; *Dovaston v. Payne,* 2 Smith, L. C., 90."

The defendant, who purchased at the commissioners' sale 71/100 of an acre of the Berryhill land, acquired the fee simple. She knew the Old Dowd Public Road was there and plaintiffs and their predecessors in title were using it for ingress and egress to their land. She purchased it *cum onere*:

We think *Davis v. Alexander,* 202 N. C., 130, is similar to the present action. At p. 131-2, it is said: "The law applicable to this action is well stated in 2 Elliott, Roads and Streets (4th Ed.), part sec. 1172, at p. 1668: 'Once a highway always a highway,' is an old maxim of the common law to which we have often referred, and so far as concerns the rights of abutters, or others occupying a similar position, who have lawfully and in good faith invested money or obtained property interests in the just expectation of the continued existence of the highway, the maxim still holds good. Not even the Legislature can take away such rights without compensation. Such, at least, is the rule which seems to us to be supported by the better reason and the weight of authority, although there is much apparent conflict as to the doctrine when applied to the vacation of highways' (citing authorities) . . . (p. 135). In 1 Lewis on 'Eminent Domain,' pp. 368-9, the matter is stated thus: 'But it would seem that both the public and those claiming the fee should be estopped from denying the existence of a private right of access and of light and air, as to those who have purchased or improved abutting property on the faith of the advantage offered by the street or highway and that this private right of access should be held to include an outlet in both directions to the general systems of streets. Many cases hold that these private rights exist in favor of every abutting owner without considering how the street was established or how such owner obtained title to his property.' "

Plaintiffs' position here is squarely supported by *Davis v. Alexander, supra.* There, as here, when a highway was relocated, the owner of the fee beneath the old road attempted to take complete possession of it and close it. Plaintiff, who had built on the old road and was thus shut off from the new road, except by a longer route than the one closed, sought a mandatory injunction preventing the closing of the former road. This Court, in reversing the lower court, upheld the right of the plaintiff to a permanent injunction against the closing of the old road. The law of the *Davis case, supra,* is clear: When the State Highway Commission relocates a road, any abutting owner on the old road, as against any owner in fee of land beneath the old road, may demand that the entire width of the old roadway be kept open to the end that a reasonable means of egress and ingress be provided to his property; and this principle prevails even where (as here and in the *Davis case, supra*) a less satisfactory and less valuable means of egress and ingress would remain even if

the contested portion of the old road were closed. This decision was the act of a unanimous Court, and, during the nine years since it was rendered, it has been cited with approval by this Court on three occasions; nor has the opinion in that case been modified or reversed by more recent decisions of this Court. See *Reed v. Highway Com.,* 209 N. C., 648 (653); *Grady v. Grady,* 209 N. C., 749 (750); *Cahoon v. Roughton,* 215 N. C., 116. In the last cited case, *Barnhill, J.,* speaking for the Court, expressly affirmed the authority of the *Davis case, supra,* in the following words: "The plaintiffs have failed to bring themselves within the decision in *Davis v. Alexander,* 202 N. C., 130, 162 S. E., 372." In the *Davis case, supra,* the plaintiff asserted his right to have the entire width of the old road from his home to the public road leading into the new road kept open by mandatory injunction, and this right was sustained by this Court. The application of the rule of the *Davis case, supra,* to the facts of the instant case is determinative.

Much of the argument of defendant is predicated upon the assumption that the old road in controversy has been completely abandoned as a public highway. It does not so appear from the record. The State Highway Engineer for the district in which the road in controversy is located testified, on cross-examination by the defendant, "I do not know of any proceedings taken to abandon the old highway. When I stated that the road had been abandoned, I meant that the State Highway Commission does not keep it up now. . . . When we release a highway or abandon it, it reverts to the jurisdiction of the county commissioners." This is the strongest evidence relative to an abandonment of the old highway revealed upon a careful reading of this record. Certainly the evidence on the instant record does not negative the continuation of the old road under county maintenance or under private maintenance with the approval of the county authorities. As has been well said, "The maxim ('once a highway always a highway') exists in support of the position that when it is shown that a highway was once laid out pursuant to law, or created by dedication, the burden of showing discontinuance, abandonment or vacation, is upon the party who asserts that the public and the abutting owners have lost or surrendered their rights. In the absence of satisfactory evidence of discontinuance, vacation or abandonment, the presumption is in favor of the continuance of the highway with the principal and incidental rights attached to it." See 2 Elliott, Roads and Streets, 4th Ed., p. 166, *et seq.* Here the defendant undertook to assert rights predicated upon an actual and complete abandonment of the old highway and, accordingly, assumed the burden of showing such abandonment. Defendant also relied upon certain allegations with reference to plaintiffs' use of the old highway for unlawful parking and in furtherance of plaintiffs' roadhouse business alleged to

be unlawful; such allegations, even if sufficiently proved, would not forfeit plaintiffs' property right to use the old road in traveling to and from plaintiffs' land. If the rights of the public are being violated by plaintiff in the unlawful parking near plaintiffs' place of business, the strong arm of the criminal law may be invoked with speedy effect; if the public sense of morals and decency is being violated by plaintiffs in the maintenance of a nuisance, the equally rigorous remedies of padlocking and orders of abatement are in easy reach of any citizen wishing to invoke them. On this record plaintiffs, as individuals, assert recognized property rights against defendant, as an individual, and the law as heretofore written in this jurisdiction sustains plaintiffs' position.

The judgment of nonsuit is reversed. The cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.

DEVIN, J., concurring: The evidence as it appears of record is insufficient to show affirmatively a complete abandonment of the Old Dowd Road as a public road, and hence nonsuit of plaintiffs' action to restrain obstruction thereof was improvidently granted. C. S., 3761; Public Laws 1927, ch. 46, sec. 4; Public Laws 1931, ch. 145, sec. 12; Public Laws 1931, ch. 448; Public Laws 1933, ch. 302. *In re Edwards,* 206 N. C., 549.

Whether the obstructions placed in the road by defendant interfere with the reasonable exercise of plaintiffs' right of ingress and egress, under the circumstances of this case, as shown by plaintiffs' evidence, was a matter for the consideration of the jury under proper instructions from the court.

BARNHILL, J., dissenting. The defendant owns property on both sides of the boulevard. That portion of her property which lies on the south side thereof is triangular in shape, contains .71 of an acre and is composed partly of land formerly subjected to the easement of the right of way of the Old Dowd Road, and partly of land outside of the bounds of the right of way of either road. The land claimed by the plaintiffs is to the south of this tract and extends to the center of the right of way of the old road and also extends to and is bounded by the new boulevard to the east.

The plaintiffs do not allege, and there is no evidence tending to show, the ownership by adverse possession of the property claimed by the plaintiffs. Nor could the plaintiffs assert ownership by adverse possession where their use of the property admittedly was as a member of the public in exercising their right to travel upon a public road. Furthermore, the old boulevard as located in front of plaintiffs' property was in existence less than twenty years.

While it is established in this jurisdiction that where a public road is discontinued the owners of property abutting on the public road prior to its abandonment are entitled to a private way of ingress and egress over the old road, this rule exists in behalf of those whose property is, by the abandonment or relocation of the road, completely cut off from and deprived of any other access to the new road. The plaintiffs have failed to establish any right under this principle of law. They not only have access to the new boulevard over one-half of the land formerly subjected to the easement of the old road but their land borders upon the new road. In any event, they would be entitled only to a reasonable means of ingress and egress. This Court has not held, and I am of the opinion that we should not now hold, that such abutting property owner is "entitled to use the full width (60 ft.) right of way" of the old road "for ingress and egress."

Here the plaintiffs have 30 feet of the old right of way located on their property, of this 30 feet two-thirds is paved. Therefore, they, are not deprived of the right of ingress and egress and they should not be permitted to take the land of the defendant, which reverted free of the easement when the old road was abandoned, so that they may have a 60-foot right of way. The statement in the opinion of the majority that "there was evidence to support plaintiffs' claim to use the full width (60 ft.) right of way of the Old Dowd Road for ingress and egress to the New Wilkinson Boulevard" is not supported by any reference to the supposed evidence in support of this claim and a careful perusal of the record fails to disclose it. Moreover, the stipulations of the parties as to "the true dividing line between the lands of the plaintiffs and defendant" is entirely ignored by the majority. Admissions made in open court have heretofore been regarded as binding on the parties. *Turner v. Livestock Co.,* 179 N. C., 457, 102 S. E., 849. The trial court acted on this admission and it should be considered here.

The old maxim, "Once a highway always a highway," does not mean that road officials, under proper legislative authority, may not abandon a public road. This maxim, as quoted in *Davis v. Alexander,* 202 N. C., 130, 164 S. E., 617, and in the majority opinion, was taken from 2 Elliott, Roads & Streets, (4d). Standing alone and unqualified it does not constitute a correct statement of the law, as the complete text clearly shows. The right of the State, in the exercise of its plenary power, to abandon or discontinue a public road is recognized in the *Davis case, supra.* County officials were vested with this right many years ago. C. S., 3750 and 3751. And the Legislature, by ch. II, sec. 7, Public Laws 1921, conferred this authority upon the State Highway Commission. *Road Com. v. State Highway Com.,* 185 N. C., 56, 115 S. E., 886. See also *Cameron v. State Highway Com.,* 188 N. C., 84, 123 S. E., 465.

This power was again conferred upon the State Highway Commission by ch. 46, sec. 1, Public Laws 1927, which authorized this Commission "to change, alter, add to, or abandon, and substitute new sections for, any portion of the State highway system, as now or hereafter, taken over, maintained and established."

The maxim as quoted exists only in support of the position that when it is shown that a highway was once laid out pursuant to law or created by dedication the burden of showing discontinuance, abandonment or vacation is upon the party who asserts it. It merely means that when it is shown that a public way has been established the law presumes that it continues as such until the contrary is shown. See *Parker v. Highway Com.,* 195 N. C., 783, 143 S. E., 871. If "Once a highway always a highway" is a doctrine of the common law, except as I have indicated, it has been expressly repealed by statute and no longer prevails in this State.

(See map on opposite page.)

It is expressly alleged in the complaint that the State Highway authorities moved or relocated the Wilkinson Boulevard (the section of the road in controversy being part of the old boulevard). The State Highway Commission had a right so to do and to abandon that section of the road plaintiffs now seek to keep open as a public highway.

As a general rule, after a highway is vacated or abandoned it is the same as if it had never existed and can again be brought into existence only in the same manner as an entirely new highway; the public easement is extinguished and the road authorities relieved of the duty to keep it in repair. 2 Elliott, Roads & Streets (4d), p. 1690, and cases cited in notes. The general public loses all rights in the road abandoned. Nevertheless, the abutting owners whose property is deprived of road frontage by the relocation are entitled to the right of ingress and egress over the old road. This right to ingress and egress over and along the abandoned road applies when and only when, by the discontinuance of the road, such abutting owners are deprived of an outlet. But, so far as I have been able to find, there is no case which has interpreted this rule to mean that they may demand the use of the full width of the old road. Their rights are dependent upon the rule of reason.

The *Davis case, supra,* cited and relied upon in the majority opinion does not hold that the plaintiff therein was entitled to the full width of the old road. Furthermore, the facts are distinctly different and the case is not in point except upon the alleged right of the plaintiff to ingress and egress. There the defendant owned a tract of land lying on both sides of the old road and between the property owned by the plaintiff and the new road. The shift in the location of the road had deprived the plaintiff of any outlet except over the old road. The defendant

sought to close that part of the old road which intersected his land. The Court held that he could not do so to the extent of depriving the plaintiff of his right of ingress and egress. This is the full force and effect of that decision.

But the record discloses the following stipulation and admission: "It is admitted by the plaintiffs and the defendant that the true dividing line between the lands owned by the plaintiffs, Ada Long *et al.,* and the lands owned by the defendant, runs down the center of what is known in the pleadings as the old Wilkinson Boulevard, formerly the public highway extending from Charlotte to Gastonia." This stipulation entered into by the plaintiffs constitutes a twofold admission: (1) That the area now in controversy known as the Old Wilkinson Boulevard is a part of an abandoned public highway; and, (2) That the defendant is the owner of such land to the admitted true dividing line which runs down the center of the old road. Having admitted that the defendant owns the property which they now claim and over which they are attempting to assert the right of possession the plaintiffs may not now contend to the contrary. The admission is binding on them.

In view of the admission of discontinuance and considering that the bridge over the river near plaintiffs' property, which constituted a part of the old boulevard has been torn away and a barricade erected and that the State Highway Commission no longer maintains the old boulevard and the plaintiffs in their brief treat the old road as a part of an abandoned highway, it would seem to be beside the question to contend now that this is not an abandoned highway. Furthermore, it affirmatively appears from the evidence of the plaintiffs that when this tract of land was sold at public auction and purchased by defendant the plaintiffs, through their representative, appeared at the sale and bid $990.00, thus recognizing its private ownership.

But in maintaining its position that the record does not disclose the abandonment of the Old Wilkinson Road reliance is placed on the statement of the district engineer who said that when the Highway Commission abandoned a road it reverts to the jurisdiction of the county commissioners. This witness had theretofore testified that "the State of North Carolina has abandoned that old road at the point to which I referred near the Wilkinson Boulevard. The State nor the county do any work on it." The engineer's statement that jurisdiction over the road reverted to the county commissioners was an erroneous statement of law. The Legislature, by ch. 145, sec. 7, Public Laws 1931, vested "the exclusive control and management and responsibility for all public roads in the several counties" in the State Highway Commission and abolished "all county, district and township, highway or road commissioners by whatever name designated." No jurisdiction of the county existed to which control of the road could revert.

Appeal is from the judgment of nonsuit. So the case comes to this: "In an action for trespass judgment of nonsuit is granted at the close of the plaintiffs' evidence on solemn admission in open court that the defendant owns the property in which the plaintiffs seek to assert an easement and has not encroached on their land. Yet the judgment of nonsuit is reversed. This is done notwithstanding the admission that the old road was abandoned and the plaintiffs sought to purchase the very land in controversy."

It is apparent from the record that the plaintiffs are seeking to compel the defendant to leave unobstructed all of the original roadbed of the Dowd Road—not for the purpose of enabling them to traverse the road in the ordinary course of traffic but so that they may use the easement as a direct outlet to the new road. This is to be accomplished by going across the easement rather than along it as traffic would ordinarily pass. That this is the purpose of the suit seems to be conceded in the majority opinion. If this is done it will enable the plaintiffs to subject to an easement, without compensation, a part of defendant's land which is not now and has never been subjected to the easement of either the old or the new road, for the triangular strip of land owned by the defendant is composed partly of land within and partly of land outside the easement.

If the majority opinion prevails the plaintiffs, whose land borders upon the new road and who already have a 20-foot paved road to the public highway, will be allowed to impose upon the defendant's land a 30-foot easement for their further convenience and enrichment when defendant's land is now already subjected to the 100-foot right of way of the new road. In my opinion this position cannot be sustained in the name of justice and is not supported either by law or by reason.

STACY, C. J., and WINBORNE, J., concur in dissent.