Mecklenburg County v. Lee

MECKLENBURG COUNTY v. ETTA C. LEE, ADMINISTRATRIX C.T.A. OF
THE ESTATE OF ANNA P. CAMPO (69E1511)

No 7326SC50

(Filed 23 May 1973)

1. Public Welfare— old age assistance — county's general claim against estate — statute of limitations

A county's general claim against the estate of a recipient of old age assistance to recover for such assistance is governed by the statute of limitations of G.S. 1-22, not by the three-year statute of limitations after the recipient's death provided by G.S. 108-29 (formerly G.S. 108-30.1) for the enforcement of an old age assistance lien against the recipient's real property; therefore, the county's action to enforce its general claim was not barred by the statute of limitations where letters of administration for the recipient's estate were issued within ten years after her death, the action was instituted within one year after qualification of the administratrix, the county's claim was presented to the administratrix within six months after the first notice to creditors as required by G.S. 28-47, and the county's complaint was filed within three months after being notified that the administratrix rejected its claim as required by G.S. 28-112.

2. Public Welfare— old age assistance lien barred by statute of limitations — general claim against estate — no res judicata

Determination that a county's action to enforce an old age assistance lien against the deceased recipient's real property was barred by the statute of limitations of G.S. 108-29 does not constitute res judicata to the county's subsequent action to enforce its general claim against the estate on account of such assistance.

APPEAL by defendant, Etta C. Lee, from *Grist, Judge,* 4 August 1972 Schedule "A" Non-Jury Session of Superior Court held in MECKLENBURG County.

Anna P. Campo received old age assistance payments totalling $6,687.00 from Mecklenburg County from October 1951 until her death in July 1965. G.S. 108-30.1 (G.S. 108-29 after 1969) provided for a general lien in favor of the county on the real property of a recipient of such aid to the extent of the total amount of such assistance paid. Pursuant to the statute, Mecklenburg County filed proper notices and claims of lien against Mrs. Campo on 10 March 1952.

Mrs. Campo died testate on 3 July 1965 and devised all her property to her children. There was no administration of the estate at this time. On 18 July 1968 Duke Power Company

instituted an action to condemn a portion of the land that Mrs. Campo had devised to her children.

Mecklenburg County filed an answer in this proceeding claiming the condemnation award of some $6,020.00 to satisfy unpaid ad valorem taxes and to partially satisfy the lien on the property created by the above mentioned old age assistance payments. Judgment in this action was rendered on 9 April 1971 and the judge stated: "[T]hat more than three years having elapsed following the death of . . . Anna P. Campo without any action or proceeding being instituted by Mecklenburg County to assert its right or enforce any lien which it had against the real property of . . . Anna P. Campo, any such lien is now barred by the three year statute of limitations contained in G.S. Sec. 108-30.1." The ad valorem taxes due were allowed to be paid to the county and the balance was ordered to be paid to Mrs. Campo's personal representative.

Etta C. Lee qualified as administratrix c.t.a. on 9 March 1971. On 27 July 1971 the county filed a claim with the administratrix to recover the old age assistance payments from Mrs. Campo's estate, but Mrs. Lee "denied and positively disallowed" such a claim on 2 September 1971. The county filed their complaint on 11 October 1971. Judgment was filed in August of 1972 determining that the county had a " . . . valid and subsisting claim against the estate of Anna P. Campo in the amount of $6,687.00, with interest thereon from and after July 3, 1965, until paid; that said claim is not barred by the failure of the plaintiff to institute action to enforce its lien against the real property of the defendant's testate within three years following her death; and that the plaintiff's claim against said estate shall have equal priority in the order of payment with the sixth class under G.S. Sec. 28-105, as provided in G.S. Sec. 108-32." The administratrix c.t.a., Mrs. Lee, appeals from this judgment.

*Ruff, Perry, Bond, Cobb, Wade & McNair, by William H. McNair, for plaintiff appellee.*

*Levine, Goodman & Murchison, by William F. Burns, Jr., for defendant appellant.*

BROCK, Judge.

[1] The first argument advanced by the administratrix c.t.a., Mrs. Lee, is that the county's claim against Mrs. Campo's estate

Mecklenburg County v. Lee

is barred by the three year statute of limitations found in G.S. 108-30.1 (G.S. 108-33 after 1969).

G.S. 108-30.1 provided for a lien upon the real property of persons who receive old age assistance payments and it created a limitation of three years from the death of the recipient within which time a county could enforce the lien. This statute also provided that the payment of this assistance created a general claim against the estate of the recipient, and no limitation was set for the assertion of this claim. Mrs. Lee argues that the statute of limitations for the lien should also be applied to the claim against the estate. This court has however previously stated that "[s]ince the assistance was terminated by death of the recipient . . . the claim must be enforced according to the law pertaining to administration of estates." *Brunswick County v. Vitou*, 6 N.C. App. 54, 57, 169 S.E. 2d 234, 235.

The question now is what statute of limitations applies and when did it begin to run. There is no specific statute of limitations provision given in Chapter 28 of the General Statutes (Administration of Decedent's Estates); therefore, it is necessary to turn to the general statutes of limitation, G.S. 1-22 is the appropriate statute. It reads in part: "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time, and within one year after the issuing of letters testamentary or of administration, provided the letters are issued within ten years of the death of such person." Letters of administration were issued in this estate within ten years of Mrs. Campo's death and this action was instituted within one year after the qualification of the administratrix c.t.a. [It should be noted that there is no authority in North Carolina which *compels* a creditor to seek affirmatively to administer an estate in order to toll the running of the statute of limitations although G.S. 28-6(3) permits a creditor to seek letters of administration.]

In the case at hand an administratrix for the estate was not appointed until 9 March 1971. G.S. 28-47 provides that within twenty days of the granting of letters the administrator shall notify all creditors to present their claims within six months from the first publication of such notice. Assuming such notice was given here, the county did present their

claim within the six month period. The administratrix rejected the claim and the county filed their complaint approximately one month later. This complied with G.S. 28-112 which requires the creditor to prosecute his claim within three months after being notified of the rejection by the personal representative of the decedent.

[2]  The second argument made by the administratrix c.t.a. is that the determination that the county's lien was barred by the statute of limitations in the first proceeding constitutes res judicata to the subsequent claim against the estate. The issue was not the same in the two actions. The first action was to enforce a specific lien against real estate. This action is to recover for a claim against the estate of the deceased recipient. This assignment of error is overruled.

We are advertent to the action of the legislature in repealing G.S. 108-29 through 108-37.1, effective 16 April 1973. Session Laws 1973, Chap. 204. However, this repealing act by its terms does not apply retroactively.

Affirmed.

Judges MORRIS and VAUGHN concur.